PAUL v WAYNE COUNTY DEPARTMENT OF PUBLIC SERVICE

Docket No. 266958. Submitted June 6, 2006, at Detroit. Decided July 20, 2006, at 9:15 a.m.

Walker Paul brought an action in the Wayne Circuit Court against the Wayne County Department of Public Service under the highway exception to governmental immunity, MCL 691.1402(1), seeking damages for injuries he suffered when his motorcycle hit a rut on the shoulder of a road that the defendant allegedly had a duty to repair and maintain. The defendant moved for summary disposition under MCR 2.116(C)(7), (8), and (10), arguing that the plaintiff had produced no evidence that the defendant had knowledge of the defect and that the plaintiff's other theories of liability, which included inadequate illumination, inadequate lane markings, and inadequate signage, failed to state cognizable claims under the highway exception to governmental immunity. The trial court, Kathleen I. Macdonald, J., denied the defendant's motion for summary disposition, and the defendant appealed.

The Court of Appeals *held*:

1. The trial court's denial of summary disposition must be reversed in light of the Supreme Court's decision in *Grimes v Dep't of Transportation*, 475 Mich 72 (2006), which overruled *Gregg v State Hwy Dep't*, 435 Mich 307 (1990), to hold that a shoulder is not an improved portion of a highway designed for vehicular travel, and therefore does not come within the defendant's duty of maintenance and repair.

2. Deciding this case on the basis of *Grimes* is appropriate despite the fact that it was not the basis for the defendant's summary disposition motion because the case presents a question of law, the necessary facts are before the Court, and the case could return to the Court after remand, which makes a determination of the issue in the interest of judicial economy.

3. Retroactive application of the new rule of law announced in *Grimes* is appropriate because it promotes the Legislature's intent to carve out only a limited exception to immunity under MCL 691.1402(1), the plaintiff was not relying on the previous rule of law in driving on the road's shoulder, and retroactive application would not create an unfair effect on the administration of justice.

Reversed and remanded for entry of judgment for the defendant.

GOVERNMENTAL IMMUNITY — HIGHWAYS — IMPROVED PORTIONS OF HIGHWAYS — SHOULDERS.

*Grimes v Dep't of Transportation,* 475 Mich 72 (2006), which held that the shoulders of a highway are not part of the improved portion of the highway designed for vehicular travel for purposes of the highway exception to governmental immunity and that governmental agencies may not be held liable for failure to maintain or repair them, applies retroactively (MCL 691.1402[1]).

*Bernstein & Bernstein* (by *Thomas B. Calcatera*) for the plaintiff.

*Edward M. Thomas,* Corporation Counsel, and *Aaron C. Thomas,* Assistant Corporation Counsel, for the defendant.

Before: KELLY, P.J., and MARKEY and METER, JJ.

PER CURIAM. Defendant appeals by right the circuit court's order denying defendant's motion for summary disposition. We reverse and remand for entry of judgment for defendant. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

Plaintiff was riding a motorcycle in the right lane of a road that merged left. Plaintiff attempted to merge, but a car blocked him, and he moved back to the right and rode onto the shoulder of the road because the right lane ended. He then hit a rut on the shoulder next to the pavement, lost control of the motorcycle, and crashed. Plaintiff suffered a punctured lung and five fractured ribs and sustained chest, right shoulder, and back injuries. Plaintiff sued defendant under the highway exception to governmental immunity, MCL 691.1402, alleging a road defect for which defendant is liable.

At the close of discovery, defendant moved for summary disposition under MCR 2.116(C)(7), (8), and (10). Defendant argued that plaintiff had produced no evidence from which to find that defendant had the actual or constructive knowledge required by MCL 691.1403 to be liable for a defect in the road pursuant to the highway exception to governmental immunity. Defendant also contended that plaintiff's other theories of liability regarding inadequate illumination, inadequate lane markings, and inadequate signage failed to state cognizable claims under the highway exception. See *Hanson v Mecosta Co Rd Comm'rs*, 465 Mich 492; 638 NW2d 396 (2002), and *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143; 615 NW2d 702 (2000).

At oral argument on defendant's motion, defense counsel noted that defendant "does not dispute the shoulder is part of the improved portion of the road." Plaintiff's counsel, however, believed defendant had raised the issue of "jurisdiction over the shoulder," and attached to his response to defendant's motion a copy of *Grimes v Dep't of Transportation*, unpublished opinion per curiam of the Court of Appeals, issued December 16, 2004 (Docket No. 249558). The trial court denied defendant's motion for summary disposition. We conclude that we must reverse because our Supreme Court overruled *Gregg v State Hwy Dep't*, 435 Mich 307; 458 NW2d 619 (1990), in *Grimes v Dep't of Transportation*, 475 Mich 72; 715 NW2d 275 (2006), holding "that a shoulder, unlike a travel lane, is not the improved portion of a highway designed for vehicular travel." *Id.* at 74. Thus, defects in the shoulder of a highway do not come within the "duty of repair and maintenance specified in MCL 691.1402(1)." *Id.* at 91.

Defendant did not move for summary disposition on the basis that the alleged defect was on the shoulder

and thus outside the highway exception to governmental immunity, MCL 691.1402(1). For this reason, this Court could choose to rule only on the specific issues raised by defendant and not address the effect of *Grimes.* For two reasons, however, we do not take that course of action. First, plaintiff's complaint is premised on the alleged failure of defendant to properly maintain the roadway shoulder. Because whether the shoulder of the road is within the highway exception to governmental immunity is a question of law and the facts necessary to resolve the question are before this Court, we can resolve this issue without the benefit of a ruling by the trial court. See *Smith v Foerster-Bolser Constr, Inc,* 269 Mich App 424, 427; 711 NW2d 421 (2006). Second, if we were to not address the issue and remand this case to the trial court on some other basis, defendant could simply file with the trial court a new motion for summary disposition based on *Grimes.* Therefore, it is possible this case could eventually come back to this Court. In the interests of judicial economy, we conclude it is appropriate to decide now rather than later whether *Grimes* applies to this case.

Clearly, the holding in *Grimes,* if applied to this case, requires summary disposition in favor of defendant. The critical question for purposes of this appeal then is whether *Grimes* is to be applied prospectively or retroactively. We conclude that *Grimes* applies retroactively.

Generally, judicial decisions are given full retroactive effect, i.e., they are applied to all pending cases in which the same challenge has been raised and preserved. *Wayne Co v Hathcock*, 471 Mich 445, 484; 684 NW2d 765 (2004); *Holmes v Michigan Capital Med Ctr*, 242 Mich App 703, 713; 620 NW2d 319 (2000). Prospective application of a judicial decision is a departure from the general rule and is only appropriate in "exigent circum-

stances." *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 586; 702 NW2d 539 (2005); *Wayne Co, supra* at 484 n 98. "Complete prospective application has generally been limited to decisions which overrule clear and uncontradicted case law." *Hyde v Univ of Mich Bd of Regents*, 426 Mich 223, 240; 393 NW2d 847 (1986). The threshold question in determining the application of a new decision is whether the decision in fact clearly established a new principle of law. If that question is answered in the affirmative, then a court must weigh three factors in deciding whether a judicial decision warrants prospective application: (1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactive application on the administration of justice. *Pohutski v Allen Park*, 465 Mich 675, 696; 641 NW2d 219 (2002).

Arguably, the *Grimes* decision was foreshadowed by our Supreme Court's decision in *Nawrocki*, which held, among other things, that the highway exception "encompassed only the ' "traveled portion, paved or unpaved, of the roadbed actually designed for public vehicular travel." ' " *Grimes, supra* at 91, quoting *Nawrocki, supra* at 180, quoting *Scheurman v Dep't of Transportation*, 434 Mich 619, 631; 456 NW2d 66 (1990). Nevertheless, *Grimes* clearly overruled *Gregg*, a decision that this Court has relied on to opine that the shoulder of a road is within the highway exception. See, e.g., *Meek v Dep't of Transportation*, 240 Mich App 105, 114; 610 NW2d 250 (2000); *Soule v Macomb Co Bd of Rd Comm'rs*, 196 Mich App 235, 237; 492 NW2d 783 (1992). Consequently, for the purposes of our analysis, we conclude that *Grimes* established a new principle of law and proceed to weigh (1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactive application on the administration of justice. *Pohutski, supra* at 696.

First, the purpose of the new rule is simply to bring case law in line with the explicit language of the statute and preclude liability under the highway exception to governmental immunity if the defendant's alleged failure to repair and maintain involves anything other than the "improved portion of the highway designed for vehicular travel." MCL 691.1402(1). Our Supreme Court noted that *Gregg* was a poorly reasoned decision and opined that "by correcting *Gregg's* erroneous construction of the highway exception, we restore 'legitimate citizen expectations' that the Court will not arrogate to itself the legislative power to make public policy." *Grimes, supra* at 88 n 49, quoting *Robinson v Detroit*, 462 Mich 439, 467; 613 NW2d 307 (2000). We find the first factor weighs in favor of retroactive application because allowing plaintiff's lawsuit to proceed would be inconsistent with the Legislature's intent in carving out only a limited exception to immunity under MCL 691.1402(1).

The second factor—the extent of the reliance on the old rule—also weighs in favor of retroactive application. Addressing the issue of stare decisis, the Court in *Grimes* stated that it was " 'not constrained to follow precedent when governing decisions are unworkable or are badly reasoned.' " *Grimes, supra* at 87 n 49, quoting *Robinson, supra* at 464. The Court further noted:

> One of the most significant considerations [in overruling *Gregg*] is "the effect on reliance interests and whether overruling would work an undue hardship because of that reliance." [*Robinson, supra* at 466.] We find no reliance interests at work that support the continuation of *Gregg's* erroneous interpretation of the highway exception. Motorists traverse shoulders because of the exigencies of highway travel. They do not traverse shoulders because our case law might permit them to recover against the governmental agency in the event of an accident. Indeed, to do so would

be a violation of the [Michigan Vehicle Code]. MCL 257.637. *Gregg* is not the sort of case that fosters a reliance interest or shapes future individual conduct. Therefore, we do not believe we work an undue hardship in overruling *Gregg*. [*Grimes, supra* at 88 n 49.]

This reasoning also applies in deciding whether to give *Grimes* retroactive application. Undoubtedly, plaintiff relied on *Gregg* in bringing this lawsuit, but that reliance is not relevant. Rather, the relevant question is whether plaintiff relied on *Gregg* while operating his motorcycle. Clearly, plaintiff did not drive onto the shoulder because he believed *Gregg* somehow entitled him to do so. Hence, plaintiff cannot claim that he acted in reliance on *Gregg*, or that this reliance resulted in the motorcycle accident and his injuries.

The third factor we consider is the effect of retroactive application on the administration of justice. We conclude that this factor also weighs in favor of retroactive application. We find instructive *Gladych v New Family Homes, Inc*, 468 Mich 594; 664 NW2d 705 (2003), in which our Supreme Court overruled *Buscaino v Rhodes*, 385 Mich 474; 189 NW2d 202 (1971).[1] The Court held that *Buscaino* had erroneously interpreted MCL 600.5856 to hold that the mere filing of a complaint could toll the statute of limitations in a personal injury action. *Gladych, supra* at 595, 599. The *Gladych* Court recognized that although its decision "gives effect to the intent of the Legislature that may be reasonably inferred from the unambiguous text of § 5856, practically speaking our holding is akin to the announcement of a new rule of law." *Gladych, supra* at 606. The Court further observed that parties and the courts had extensively relied on *Buscaino*'s erroneous

---

[1] *Buscaino* was also overruled in part on other grounds in *McDougall v Schanz*, 461 Mich 15; 597 NW2d 148 (1999).

interpretation of MCL 600.5856 when calculating filing deadlines. *Gladych, supra* at 606. Accordingly, the Court gave *Gladych* limited retroactive application to minimize the effect the decision would have on the administration of justice. *Id.* at 606-607. Thus, the *Gladych* decision was applied "only to cases in which this specific issue[2] has been raised and preserved." *Id.* at 607. In all other cases, *Gladych* was given prospective effect. *Id.*

If given full retroactive effect, the *Gladych* decision would have precluded some litigants who had justifiably relied on *Buscaino* in calculating filing deadlines from bringing lawsuits that could otherwise have been timely brought within the period of limitations. But in this case, the full retroactive application of *Grimes* would simply preclude plaintiff or others in similar situations from filing a legal action that is not permitted by MCL 691.1402(1). Thus, the full retroactive application of *Grimes* is not unfair because a cause of action never existed. Consequently, we conclude that the administration of justice weighs in favor of full retroactive application of *Grimes*.

We reverse and remand for entry of judgment for defendant. We do not retain jurisdiction.

---

[2] "The specific issue was the requirement that tolling of the relevant statute of limitations can only be accomplished by complying with the provisions of MCL 600.5856, which include service of process on the defendant prior to the expiration of the period of limitation." *Collins v Comerica Bank*, 469 Mich 1223; 668 NW2d 357 (2003).