# STATE OF MICHIGAN

# COURT OF APPEALS

ROGER SKINDELL,

        Plaintiff-Appellee,

v

JESSICA SKINDELL,

        Defendant-Appellee,

and

THOMAS MANNESTO,

        Intervening Plaintiff-Appellant.

UNPUBLISHED
July 19, 2016

No. 326574
Lapeer Circuit Court
LC No. 08-040090-DM

Before: JANSEN, P.J., and FORT HOOD and BOONSTRA, JJ.

PER CURIAM.

Intervening plaintiff appeals by leave granted the trial court's order setting forth multiple legal conclusions relevant to the paternity of the minor child in this divorce case. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

This appeal primarily presents legal issues relating to the Revocation of Paternity Act (RPA), MCL 722.1431 *et seq*., and the underlying facts are essentially uncontroverted. Plaintiff and defendant were married on December 18, 2004. The minor child was born on March 17, 2005, and resided with both plaintiff and defendant until the breakdown of their marriage. Plaintiff and defendant divorced in 2009, and plaintiff was awarded sole physical custody. In 2013, intervening plaintiff filed a motion for intervention, asserting that he was the child's biological father. Intervening Plaintiff sought a determination that the child was born out of wedlock. He alleged that at the time of the breakdown of plaintiff's and defendant's marriage, defendant contacted him and told him that he may be the biological father of the minor child. While intervening plaintiff explored his legal rights with regard to the child, he did not have standing because of plaintiff and defendant's marriage. However, after enactment of the RPA, intervening plaintiff was able to petition the court to establish his parentage. In the trial court, both plaintiff and defendant opposed intervening plaintiff's motion, although neither has filed a

brief on appeal. Prior to holding an evidentiary hearing, the trial court issued an order making several legal findings regarding the applicable law in this case. Intervening plaintiff filed an application for an interlocutory appeal, which this Court granted.[1]

## I. REVOCATION OF PATERNITY ACT

This appeal first requires us to consider legal issues relating to the RPA.[2] On appeal, intervening plaintiff first asserts that the trial court erred in relying on this Court's opinion in *Helton v Beaman*, 304 Mich App 97; 850 NW2d 515 (2014), aff'd 497 Mich 1001 (2015). Specifically, intervening plaintiff contends that the trial court erred in concluding that it should consider the best interest factors in MCL 722.23, a section of the Child Custody Act (CCA), MCL 722.21 *et seq.*, in determining whether to revoke plaintiff's paternity pursuant to MCL 722.1443(4). Intervening plaintiff also contends that the trial court erred in concluding that the clear and convincing standard applies when weighing the minor child's best interests in determining whether to revoke plaintiff's paternity. While we agree with intervening plaintiff that this Court's decision in *Demski v Petlick*, 309 Mich App 404; 873 NW2d 596 (2015), governs the best-interest analysis, we disagree with his contention that the trial court erred in holding that the clear and convincing standard would apply to the trial court's weighing of the best-interest factors.

Issues concerning the interpretation and application of the RPA are reviewed de novo. *Id.* at 426. A trial court's factual findings in a proceeding involving the RPA are reviewed for clear error. *Parks v Parks*, 304 Mich App 232, 237; 850 NW2d 595 (2014), citing *In re Moiles*, 303 Mich App 59, 65-66; 840 NW2d 790 (2013), rev'd on other grounds *In re Moiles*, 495 Mich 944 (2014).

## A. BEST-INTEREST FACTORS

In this case, intervening plaintiff seeks a determination that the minor child at issue was born out of wedlock. MCL 722.1443(2)(d). The relevant statutory provision governing this case is MCL 722.1443(4), which provides:

> (4) *A court may refuse to enter an order* setting aside a paternity determination, revoking an acknowledgment of parentage, determining that a genetic father is not a child's father, or *determining that a child is born out of wedlock if the court finds evidence that the order would not be in the best interests of the child*. The court shall state its reasons for refusing to enter an order on the record. The court may consider the following factors:

---

[1] *Skindell v Skindell*, unpublished order of the Court of Appeals, entered September 24, 2015 (Docket No. 326574).

[2] We note that this Court has recognized that the "RPA is newer legislation that has not yet been subjected to much construction by the appellate courts[ ] . . . ." *Sprenger v Bickle*, 307 Mich App 411, 424; 861 NW2d 52 (2014).

(a) Whether the presumed father is estopped from denying parentage because of his conduct.

(b) The length of time the presumed father was on notice that he might not be the child's father.

(c) The facts surrounding the presumed father's discovery that he might not be the child's father.

(d) The nature of the relationship between the child and the presumed or alleged father.

(e) The age of the child.

(f) The harm that may result to the child.

(g) Other factors that may affect the equities arising from the disruption of the father-child relationship.

(h) Any other factor that the court determines appropriate to consider. [Emphasis added.]

Below, the trial court held that, in considering the best interests of the child, it must consider the best interest factors as articulated in the CCA, MCL 722.23, relying on this Court's decision in *Helton*, 304 Mich App 97. *Helton* involved an action under the RPA to revoke the acknowledgment of parentage by the defendant father. *Id*. at 101-102 (opinion by O'CONNELL, J.). In *Helton*, the lead opinion relied on *In re Moiles*, 303 Mich App 59. The *In re Moiles* Court held that a trial court was not required to weigh the best interest factors set forth in MCL 722.1443(4) when deciding whether to revoke an acknowledgement of parentage. *Id*. at 65-66. Relying on *In Re Moiles*, the lead opinion in *Helton* concluded that the best interest factors for determining a child's custody under the CCA should guide a trial court's decision whether to revoke an acknowledgment of parentage. *Helton*, 304 Mich App at 106-107, 108-110 (opinion by O'CONNELL, J.). In a concurring opinion, JUDGE KIRSTEN FRANK KELLY noted her disapproval with *In re Moiles* and further stated that the trial court could "appropriately consider the relevant best-interest factors listed in MCL 722.1443(4) . . ." when deciding whether to revoke an acknowledgment of parentage. *Id.* at 114-115 (K.F. KELLY, J., concurring). After *Helton* was decided, our Supreme Court vacated the portion of the *In re Moiles* opinion on which the lead opinion in *Helton* relied. *In re Moiles*, 495 Mich 944. The Supreme Court later affirmed the result in *Helton*, but stated:

We agree with the Court of Appeals authoring and concurring judges that *In re Moiles*, 303 Mich App 59[], wrongly held that a trial court is not required to make a best interest determination under MCL 722.1443(4) in deciding whether to revoke an acknowledgment of parentage. . . . [W]e hold that an order revoking an acknowledgment of parentage constitutes an order "setting aside a paternity determination" and therefore, is subject to a best interest analysis under MCL 722.1443(4). [*Helton*, 497 Mich 1001.]

Additionally, the day after the trial court in this case entered the order appealed, this Court issued its decision in *Demski*, 309 Mich App 404. Similar to the instant case, *Demski* involved facts where the mother of the minor child had a brief romantic relationship with the minor child's biological father, which resulted in her pregnancy with the minor child. *Id*. at 411-412. The mother of the minor child subsequently resumed a prior relationship with the minor child's presumed father, and they married the day before the child's birth. *Id*. at 413-414. After the minor child's biological father initiated a lawsuit against the minor child's mother and the presumed father seeking a declaration that the biological father was the minor child's father, the trial court held a bench trial. *Id*. at 416-417. The trial court ultimately concluded that the minor child was born out of wedlock as contemplated by MCL 722.1443(4), and after considering the minor child's best interests, concluded that the biological father was indeed the minor's biological father and awarded him joint legal custody and parenting time. *Id*. at 421-423.

On appeal, the child's mother and the presumed father argued that the trial court had not properly assigned the applicable burden of proof, and had erred in its ultimate determination regarding the minor child's best interests. *Id*. at 423. This Court disagreed, recognizing that under the specific facts of *Demski*, the trial court appropriately assigned the burden of persuasion to the biological father. *Id*. at 427. In *Demski*, the trial court used the clear and convincing evidence standard to conclude that the minor child was born out of wedlock. *Id*. at 422. This Court also held that in a case such as the one presently before this Court, where the trial court undertakes an analysis of whether to enter an order determining a minor child was born out of wedlock as set forth in MCL 722.1443(4), the trial court should rely on the best interest factors set forth in that statute, not the best interest factors from the CCA. *Demski*, 309 Mich App at 429-430. This Court distinguished the lead opinion in *Helton*, noting that the facts of *Helton* involved the revocation of an acknowledgment of parentage. *Id.* at 430.[3]

Accordingly, *Demski* makes it abundantly clear that, where considering whether to enter an order concluding that a child was born out of wedlock as set forth in MCL 722.1443(4), the trial court is not required to look beyond the confines of the RPA, but may properly ground its decision in the best-interest factors elucidated in MCL 722.1443(4). *Demski* is binding on the trial court even though it was issued one day after the trial court's order in this matter. "Generally, judicial decisions are given full retroactive effect, i.e., they are applied to all pending cases in which the same challenge has been raised and preserved." *Paul v Wayne Co Dep't of Public Service*, 271 Mich App 617, 620; 722 NW2d 922 (2006) (citations omitted). Therefore, to the extent that the trial court relied on *Helton*, concluding that it must consider the best interest factors from the CCA in determining whether to conclude that the minor child was born out of wedlock as contemplated by MCL 722.1443(4), this amounted to legal error.

## B. EVIDENTIARY STANDARD

Turning next to the issue of the appropriate evidentiary standard, intervening plaintiff argues that the trial court erred in concluding that the clear and convincing standard applies when weighing the minor child's best interests in determining whether to revoke plaintiff's paternity.

---

[3] Notably, the *Demski* opinion was released before the Supreme Court's order affirming *Helton*.

Ultimately, we conclude that precedent from this Court supports the contention that the clear and convincing evidentiary standard applies in making such a determination.

In *Demski*, the Court discussed the appropriate evidentiary standard for a best-interests analysis pursuant to MCL 722.1443(4). In *Demski*, the biological mother and presumed father argued that in the context of deciding whether to determine a child is born out of wedlock, the trial court ought to have used the clear and convincing evidentiary standard in weighing the best-interest factors of MCL 722.1443(4). *Demski*, 309 Mich App at 427, 429. In so arguing, the biological mother and presumed father pointed to the lead opinion in *Helton*, which concluded that the clear and convincing evidentiary standard should apply where the child in that case had an established custodial environment. *Id*. at 428. The *Demski* Court held that it was not required to apply the clear and convincing evidence standard articulated in *Helton* because *Helton* was a nonbinding lead opinion. *Id*. at 429. However, while the *Demski* Court did not expressly adopt the clear and convincing evidence standard, it suggested that the trial court had indeed used the clear and convincing evidentiary standard when rendering a best interest determination pursuant to MCL 722.1443(4), and affirmed the trial court. *Id*. at 431 n 9.

Accordingly, while our reasons differ from the trial court on the ultimate analysis leading to the employment of the clear and convincing standard for the best-interest determination pursuant to MCL 722.1443(4), we nonetheless affirm the trial court's ruling on this basis as it comports with the leading case law from this Court. The Court of Appeals will affirm a trial court's decision if it has reached the correct result, even if based on alternative reasoning. *Lavey v Mills*, 248 Mich App 244, 250; 639 NW2d 261 (2001).

## II. ADDITIONAL ARGUMENTS

Intervening plaintiff next argues that the trial court erred in concluding that any evidence relating to the allegations plaintiff and defendant made against each other in their divorce proceedings that preceded their 2009 judgment of divorce ought to be barred.

"A trial court's evidentiary decisions, preserved for review, are reviewed for an abuse of discretion." *Landin v HealthSource Saginaw, Inc*, 305 Mich App 519, 541; 854 NW2d 152 (2014) (citation omitted). When the trial court's decision falls outside the range of reasonable and principled outcomes, an abuse of discretion results. *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 273; 761 NW2d 761 (2008). This Court reviews de novo applicable legal questions that form the foundation for a trial court's evidentiary ruling, including the interpretation of the court rules. *Elher v Misra*, 499 Mich 11, 21; 878 NW2d 790 (2016).

Pursuant to MRE 402, all relevant evidence is admissible, unless provided otherwise by the United States Constitution, the Michigan Constitution, or the rules of evidence. *Landin*, 305 Mich App at 541-542. MRE 401 provides that relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401; *Landin*, 305 Mich App at 542. MRE 403 further specifies that evidence may be excluded under certain circumstances if its probative value is substantially outweighed by "the danger of unfair prejudice, confusion of the issues, or misleading of the jury, or by considerations of undue delay,

waste of time, or needless presentation of cumulative evidence." MRE 403; *Landin*, 305 Mich App at 542.

Relevant to this issue, the trial court held:

Since there is a Judgment of Divorce with a custody determination evidence in the instant case picks up from the last order of the court. All allegations and all issues between Plaintiff and Defendant prior to the judgment of divorce are res judicata. Therefore that testimony regarding pre Judgment of Divorce allegations and issues between Plaintiff and Defendant would be barred.

Here, we disagree with the court's reasoning as it relates to evidence predating the Judgment of Divorce. As intervening plaintiff points out in his brief on appeal, in *Vodvarka v Grasmeyer*, 259 Mich App 499, 514; 675 NW2d 847 (2003), this Court recognized that in the context of deciding a motion seeking to change a child's established custodial environment on the basis of a change in circumstances, the "change in circumstances must have occurred *after* entry of the last custody order. As a result, the movant cannot rely on facts that existed before entry of the custody order to establish a 'change' of circumstances." *Id.* (footnote omitted). It appears that the trial court relied on this principle of law in rendering its evidentiary ruling in this case. However, our research did not yield authority standing for the proposition that evidence in a divorce proceeding that predated the judgment of divorce is not admissible in a subsequent paternity determination.

Further, as intervening plaintiff points out in his brief on appeal, evidence that predated the 2009 divorce judgment could be relevant to the best interest factors set forth in MCL 722.1443(4) that the trial court is required to consider. MRE 401; MRE 402. For example, evidence that predated the divorce judgment may bear on "the length of time the presumed father was on notice that he might not be the child's father[,]" as well as "[t]he facts surrounding the presumed father's discovery that he might not be the child's father." MCL 722.1443(4)(b), (c). Additionally, evidence that predated the divorce judgment could shed light for the trial court on "[t]he nature of the relationship between the child and the presumed or alleged father." MCL 722.1443(4)(d).

In addition, the trial court's reliance on the doctrine of res judicata to exclude any evidence that predated the 2009 divorce judgment was erroneous. The applicability of the doctrine of res judicata is a question of law that this Court reviews de novo. *Estes v Titus*, 481 Mich 573, 579; 751 NW2d 493 (2008). Res judicata is applied in a broad fashion to bar "not only claims already litigated, but also every claim arising from the same transaction, that the parties, exercising reasonable diligence, could have raised but did not " *Adam v Bell*, 311 Mich App 528, 530; 879 NW2d 879 (2015), quoting *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). The principle of res judicata is intended to avoid "multiple suits litigating the same cause of action[,] [therefore] [t]he doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair*, 470 Mich at 121, citing *Sewell v Clean Cut Mgt, Inc*, 463 Mich 569, 575; 621 NW2d 222 (2001). Consequently, rather than acting as a rule of evidence, it is clear from the case law that the

doctrine of res judicata acts to bar subsequent claims, rather than to limit evidence, and therefore the doctrine was not applicable in this case.

For these reasons, on remand, the trial court should consider evidence that predated the 2009 divorce judgment between plaintiff and defendant that the trial court concludes to be relevant to the best interest factors in MCL 722.1443(4). We note that our holding is limited to the admissibility of the evidence for the reasons discussed above. In the event of an evidentiary hearing, intervening plaintiff may present evidence compliant with this holding that may still prove inadmissible. For example, intervening plaintiff seems to suggest that plaintiff's and defendant's pleadings from their divorce proceedings should be admissible, but, even considering our holding, we are not convinced, as these documents contain mere allegations. At this stage in the proceedings, we merely emphasize that our decision should not be interpreted as holding that all evidence predating the Judgement of Divorce would be admissible at an evidentiary hearing.

Finally, intervening plaintiff contends that the trial court erred in concluding that the legal effect of revoking plaintiff's paternity would be to terminate his parental rights to the minor child. Where the issue of paternity has not yet been decided in the trial court, and this case does not have a fully developed factual record on the paternity issue, it would not be appropriate for this Court at this time to render a decision on the legal implications of plaintiff's paternity being revoked. In other words, these issues are not ripe for this Court's review. "The doctrine of ripeness is designed to prevent the adjudication of hypothetical or contingent claims before an actual injury has been sustained." *King v Mich State Police Dep't*, 303 Mich App 162, 188; 841 NW2d 914 (2013), quoting *City of Huntington Woods v City of Detroit*, 279 Mich App 603, 614; 761 NW2d 127 (2008).

We affirm in part, reverse in part, and remand for proceedings consistent with this opinion consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Karen M. Fort Hood

-7-