*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTOPHER JOHN HENSLEY,

      Plaintiff-Appellant,

v

BADRI & SONS INC, doing business as
MARVELOUS PIZZA,

      Defendant-Appellee.

UNPUBLISHED
September 17, 2025
2:40 PM

No. 371245
Wayne Circuit Court
LC No. 20-008206-NI

Before: CAMERON, P.J., and MURRAY and KOROBKIN, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order awarding him damages, taxable costs, and statutory interest, but denying case evaluation sanctions. We vacate the trial court's order denying case evaluation sanctions and remand for the trial court to consider whether to apply the old or new version of MCR 2.403.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arose when plaintiff fell in defendant's store and sustained injuries. He sued defendant, asserting claims of negligence and premises liability. The parties participated in case evaluation in July 2021. Plaintiff accepted the case evaluation recommendation; defendant rejected it. The case ultimately went to trial in January 2024, and the jury found in favor of plaintiff. Plaintiff's award from the jury trial was more than the case evaluation recommendation. Plaintiff sought case evaluation sanctions under the former version of MCR 2.403(O), which was in effect when the parties engaged in case evaluation, but had been amended by the time they went to trial. The amended rule did not provide for case evaluation sanctions, but the former rule did. The trial court denied plaintiff's request, reasoning that it lacked the authority to consider the old version of the rule under *RAD Const, Inc v Davis*, 347 Mich App 716; 16 NW3d 328 (2023), overruled by *Webster v Osguthorpe*, ___ Mich ___; ___ NW3d ___ (2025). Plaintiff now appeals.

-1-

## II. STANDARD OF REVIEW

A trial court's decision regarding whether to apply an old or new version of a court rule is reviewed for an abuse of discretion. *Webster v Osguthorpe*, ___ Mich ___, ___; ___ NW3d ___ (2025); slip op at 11-12. "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Id*. at ___; slip op at 12 (quotation marks and citation omitted). "A trial court necessarily abuses its discretion when it makes an error of law." *Id*. (quotation marks and citation omitted).

## III. ANALYSIS

When the trial court made its ruling in this case, the controlling law was *RAD*. In *RAD*, this Court held that, in a case in which case evaluation happened before the rule was amended, but trial occurred after, "the trial court had no authority to sanction" the rejecting party after the new rule came into effect. *RAD*, 347 Mich App at 735. However, since plaintiff claimed his appeal, our Supreme Court overruled *RAD* in *Webster*, holding that trial courts did have the authority to consider whether to apply the old or new version of MCR 2.403 under MCR 1.102, and should address such considerations under the analytical framework set forth in *Reitmeyer v Schultz Equip & Parts Co, Inc*, 237 Mich App 332; 602 NW2d 596 (1999). *Webster*, ___ Mich at ___; slip op at 16. Thus, the controlling issue in this appeal is whether *Webster* has retroactive effect. We conclude that it does.

"In general, [our Supreme Court's] decisions are given full retroactive effect." *Bezeau v Palace Sports & Entertainment, Inc*, 487 Mich 455, 462; 795 NW2d 797 (2010). But there are exceptions to this rule, and interpreting courts "should adopt a more flexible approach if injustice would result from full retroactivity." *Id*. As our Supreme Court explained:

> This Court adopted from *Linkletter v Walker*, 381 US 618; 85 S Ct 1731; 14 L Ed 2d 601 (1965), three factors to be weighed in determining when a decision should not have retroactive application. Those factors are: (1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactivity on the administration of justice. In the civil context, a plurality of this Court noted that *Chevron Oil v Huson*, 404 US 97, 106-107; 92 S Ct 349; 30 L Ed 2d 296 (1971), recognized an additional threshold question whether the decision clearly established a new principle of law. [*Pohutski v Allen Park*, 465 Mich 675, 696; 641 NW2d 219 (2002) (quotation marks and some citations omitted).]

In other words, when considered together, *Linkletter* and *Chevron Oil* provide a four-part test: when determining whether a judicial decision should not have retroactive application, we must consider (1) the purpose of the new rule, (2) the extent of reliance on the old rule, (3) the effect of retroactivity on the administration of justice, and (4) whether the decision at issue established a new principle of law. *Id*.

Factors 1 and 4 warrant joint consideration because *Webster*'s rule is not actually "new." The purpose of *Webster* was to overrule *RAD* "[t]o the extent that *RAD Constr* suggest[ed] that the trial court did not have the authority to apply the former version of the rule," and to "formally adopt *Reitmeyer*'s analysis to guide the determination in whether to apply a current or former court

rule[.]" *Webster*, ___ Mich at ___; slip op at 10. That is, *Webster* was correcting *RAD*, which failed to comply with *Reitmeyer*'s binding[1] MCR 1.102 analytical framework. *Webster* did not announce a new rule, and its purpose was solely to correct the error in *RAD* and return to the status quo under *Reitmeyer*. Thus, Factors 1 and 4 support retroactive application of *Webster*.

Factor 2 concerns the extent of reliance on the "old" rule. As defendant emphasizes, *RAD* was published, binding authority at the time of trial and when the trial court rendered its decision. It was not, however, the binding authority when the parties engaged in case evaluation. While defendant argues it relied on *RAD* in "structur[ing] [its] litigation strategies, including settlement decisions and trial posture, based on the understanding that case evaluations would not be available[,]" its decision to reject the case evaluation occurred long before *RAD* was decided. While it is plausible that *RAD* could impact defendant's choices in settlement negotiations leading up to trial in order to avoid a damaging verdict warranting sanctions, defendant presents no record evidence that it did, in fact, rely on *RAD* when determining whether to go to trial. Indeed, defendant provides no evidence whatsoever that the issue of case evaluation sanctions had any effect on its decisions before trial. The lack of record evidence to support this argument demonstrates that defendant's potential—but not established—reliance on *RAD* when determining whether to settle is vastly outweighed by the fact that the decision that actually subjected defendant to case evaluation sanctions in the first place was made while they were still available. Given defendant's limited justifiable reliance on *RAD* at the relevant periods of time in this case, this factor also favors retroactive application of *Webster*.

Finally, Factor 4 concerns the effect retroactivity would have on the administration of justice. In *Paul v Wayne Co Dep't of Pub Serv*, 271 Mich App 617, 624; 722 NW2d 922 (2006), this Court reasoned that retroactive application of *Grimes v Mich Dep't of Transp*, 475 Mich 72; 715 NW2d 275 (2006), was appropriate. *Grimes* overruled *Gregg v State Hwy Dep't*, 435 Mich 307; 458 NW2d 619 (1990), holding that "a shoulder, unlike a travel lane, is not the improved portion of a highway designed for vehicular travel[,]" and thus did not come within the "duty of repair and maintenance specified in MCL 691.1402(1)." *Grimes*, 475 Mich at 74, 91. *Gregg* had previously held the opposite, which our Supreme Court believed was based on "several fatal flaws in [its] analysis[.]" *Id*. at 84. In *Paul*, this Court explained that *Grimes*, unlike other cases which "would have precluded some litigants who had justifiably relied on" existing precedent at the time, would "simply preclude [individuals] in similar situations from filing a legal action that is not permitted by MCL 691.1402(1)." *Paul*, 271 Mich App at 624. In other words, because *Grimes* was correcting the fact that no cause of action existed for those who relied on *Gregg* in the first place, the administration of justice weighed in favor of retroactive application. *Id*.

Similarly, here, *Webster* was not changing a validly enforceable rule on which people relied; it was correcting an erroneous holding that deprived trial courts of their already-existing authority, under *Reitmeyer* and MCR 1.102, to consider whether to apply an old or new version of a court rule. Thus, retroactive application "is not unfair[,]" *Paul*, 271 Mich App at 624, because

---

[1] *Reitmeyer* is a published case decided in 1999, and was therefore the controlling law at the time *RAD* was decided. See MCR 7.215(J)(1).

the trial court always had the authority to apply the old rule if it determined it was appropriate to do so under MCR 1.102; *RAD* was incorrect in holding otherwise.

Because all four factors favor retroactive application, we vacate the trial court's order denying plaintiff's request for case evaluation sanctions and remand for the trial court to consider whether to apply the old or new version of MCR 2.403 under *Webster*, *Reitmeyer*, and MCR 1.102. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Daniel S. Korobkin