# STATE OF MICHIGAN

# COURT OF APPEALS

---

HARBOR WATCH CONDOMINIUM
ASSOCIATION,

Plaintiff-Appellant,

v

EMMET COUNTY TREASURER,

Defendant-Appellee.

FOR PUBLICATION
December 4, 2014
9:05 a.m.

No. 316858
Emmet Circuit Court
LC No. 12-103747-CZ

---

Before: OWENS, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals as of right from an order of the trial court granting defendant's motion for summary disposition. We affirm.

Plaintiff is the condominium association for Harbor Watch, a condominium project located in Petoskey, Michigan. Defendant is a "foreclosing governmental unit" as defined in MCL 211.78(7)(a)(*i*), authorized to foreclose upon properties for delinquent property taxes under Michigan's General Property Tax Act (GPTA), MCL 211.78, *et seq.* On February 17, 2011, the trial court entered a judgment of foreclosure due to delinquent property taxes, vesting absolute title to units 40 through 42 and units 67 through 100 of Harbor Watch in defendant if the units were not redeemed by March 31, 2011.[1] The redemption period lapsed, and on May 25, 2011, defendant signed a notice of foreclosure for each unit and had the notices recorded in the Emmet County Register of Deeds. Following the procedures required by MCL 211.78m, defendant conducted two public sales of the units. On September 16, 2011, defendant conveyed units 73 and 74 by quitclaim deed, and conveyed the remaining units on November 30, 2011, also by quitclaim deed.

Plaintiff initiated a complaint against defendant, asserting that defendant is required to pay the common expenses described in the Harbor Watch bylaws for the time period defendant was an owner of the above units. Specifically, plaintiff asserted defendant owes plaintiff $97,366.09 in common expenses, late fees, and interest.

---

[1] This is the statutory redemption period provided by the GPTA.

-1-

The parties filed cross-motions for summary disposition. Defendant asserted that it was required by law to foreclose the tax liens on the units and was therefore an involuntary taker of the property. Defendant argued that a condominium unit owner's duty to pay association assessments is contractual in nature, and that defendant, as an involuntary taker, did not agree to be bound by the terms of the condominium documents. Defendant further argued that it is not authorized by law to pay condominium association assessments because the GPTA controls how a country treasurer must allocate the funds received from a tax lien foreclosure auction, and does not provide a mechanism for defendant to pay plaintiff's assessments. Further, defendant argued that paying plaintiff's assessments would violate the Michigan Constitution and would be against public policy because the stated purpose of the foreclosure proceedings in the GPTA is to allow municipalities to collect unpaid taxes and quickly return delinquent properties to productive use.

Plaintiff argued that its own bylaws and the condominium act, MCL 559.101 *et seq.*, do not draw a distinction between private owners of condominium property and a government agency owner. In response to defendant's argument that defendant was an "involuntary taker," plaintiff cited to MCL 211.78(5), which at that time stated, "The foreclosure of forfeited property by a county is voluntary and is not an activity or service required of units of local government for purposes of section 29 of article IX of the state constitution of 1963." [2] Plaintiff argued that because of this statutory section, defendant was a voluntary purchaser and should be bound by the obligation to pay condominium assessments.

The trial court granted defendant's motion for summary disposition and dismissed plaintiff's complaint based primarily upon its determination that under the GPTA, defendant's ownership of the condominium units was involuntary. The trial court opined that the requirement that a unit owner pay assessments was enforceable against voluntary purchasers and that the language in MCL 211.78(5) stating that foreclosure of forfeited property is "voluntary," was intended to protect the law from a challenge under the Headlee Amendment[3] as an unfunded mandate.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Maple Grove Twp v Misteguay Creek Intercounty Drain Bd*, 298 Mich App 200, 206; 828 NW2d 459 (2012). A motion brought under MCR 2.116(C)(8) tests the legal sufficiency of the complaint and dismissal is warranted under this rule if the opposing party has failed to state a claim on which relief can be granted. *Rorke v Savoy Energy, LP*, 260 Mich App 251, 253; 677 NW2d 45 (2003). A motion for summary disposition under MCR 2.116(C)(10) is properly granted if no factual dispute exists, thus entitling the moving party to judgment as a matter of law. *Rice v Auto Club Ins Ass'n*, 252 Mich App 25, 31; 651 NW2d 188 (2002).

The validity of the condominium documents and the requirement that a unit owner pay assessments is not in dispute. This case presents the question of whether a county treasurer is

---

[2] This statute has been amended by PA 2014, No. 132, effective May 27, 2014.

[3] Const 1963, art IX, § 29

liable for condominium assessments during the time it holds title to a condominium unit that is subject to forfeiture and foreclosure under the GPTA.

The condominium act specifically states that "Each unit co-owner, tenant, or nonco-owner occupant shall comply with the master deed, bylaws, and rules and regulations of the condominium project and this act." MCL 559.165. Under the relevant condominium bylaws, all of the costs, fees, and expenses incurred or payable by the condominium association are to be paid to the association by the owners of the condominiums in proportion to their percentage of value. "Owner" is defined in the condominium documents as "any Person owning one or more Units." "Person" is defined as "any natural person, corporation, [etc.], or other entity that exists under the laws of the State of Michigan." The master deed, which was recorded in the Emmet County Register of Deeds, states that all its terms are "covenants running with the land."

However, as pointed out by defendant, the GPTA *required* defendant to foreclose on the forfeited units. Defendant cannot be held liable for assessments when it was performing a statutory obligation. MCL 211.78h(1) states as follows:

> Not later than June 15 in each tax year, the foreclosing governmental unit *shall* file a single petition with the clerk of the circuit court of that county listing all property forfeited and not redeemed to the county treasurer under section 78g to be foreclosed under section 78k for the total of the forfeited unpaid delinquent taxes, interest, penalties, and fees . . . . [Emphasis added.]

And, MCL 211.78g(2), referenced in § 78h(1), provides as follows:

> Not more than 45 days after property is forfeited under subsection (1), the county treasurer *shall* record with the county register of deeds a certificate in a form determined by the department of treasury for each parcel of property forfeited to the county treasurer, specifying that the property has been forfeited to the county treasurer and not redeemed and that absolute title to the property shall vest in the county treasurer on the March 31 immediately succeeding the entry of a judgment foreclosing the property under 78k . . . . [Emphasis added.]

Use of the term "shall" designates the actions of the county treasurer as mandatory rather than discretionary.

Plaintiff nonetheless asserts that the version of MCL 211.78(5) in effect at the relevant time provides that defendant's acquisition was voluntary. MCL 211.78(5) previously stated, "The foreclosure of forfeited property by a county is voluntary and is not an activity or service required of units of local government for purposes of section 29 of article IX of the state constitution of 1963." "[I]t is important to ensure that words in a statute not be ignored, treated as surplusage, or rendered nugatory." *Robertson v DaimlerChrysler Corp*, 465 Mich 732, 748; 641 NW2d 567 (2002). When used in a statute, the phase "for the purpose of" necessarily indicates that the words that follow that phrase limit the application of the statute. Accordingly, the phrase is used in this statute to indicate the legislative intent not to violate the aim of section 29 of article IX of the state constitution of 1963 by creating an unfunded mandate. Therefore, the trial court properly held that the Legislature intended that this section serve to insulate the

GPTA from a challenge under the Headlee Amendment, which prohibits unfunded mandates. Const 1963, art IX, § 29. To hold that the word "voluntary" used in MCL 211.78(5) is evidence that foreclosure proceedings under the GPTA are not mandatory would render the limitation "for the purpose of [the Headlee Amendment]" nugatory.

Defendant also correctly asserts that the GPTA provides no mechanism by which it can pay plaintiff's assessments. The GPTA prescribes the procedure a county treasurer must follow to dispose of foreclosed properties at public auction at MCL 211.78m. The GPTA directs the county treasurer to "deposit the proceeds from the sale of property under this section into a restricted account designated as the 'delinquent tax property sales proceeds for the year_____.'" MCL 211.78m(8). The GPTA further directs that the county treasurer may only use the proceeds for limited purposes in order of priority as provided in MCL 211.78m(8)(a) through (f). Nowhere on the list of priorities is the payment of assessments to a condominium association.

Plaintiff contends that MCL 211.78m(8)(e) allows defendant to pay maintenance costs and plaintiff's assessments are a maintenance cost. Even if plaintiff were correct that a condominium assessment could be considered a maintenance cost, it is clear from this record that there would have been no proceeds available to pay those costs. The first priority under MCL 211.78m(8)(a) is to pay "all taxes, interest, and fees on all of the property" into the "delinquent tax revolving fund."[4] The uncontested record evidence shows that the sales of the units did not generate enough proceeds to cover the taxes due on the properties, let alone the costs of conducting the sales and foreclosure proceedings under MCL 211.78m(8)(b) through (d).

Plaintiff also argues that defendant could have included the assessments in its calculation of a "minimum bid" under MCL 211.78m(11). This is inconsistent with the statutory scheme. As previously stated, a county treasurer must deposit all the proceeds from the foreclosure sale into a restricted account and may only use the proceeds according to the priority set out in MCL 211.78m(8)(a) to (f). Defendant could not have paid plaintiff out of the proceeds of the sale any more than it could have paid any other creditor with a lien on the property.

This Court's opinion in *Parker v West Bloomfield Twp*, 60 Mich App 583, 592; 231 NW2d 424 (1975), and the earlier opinion of the Michigan Supreme Court in *Webb v Wakefield Twp*, 239 Mich 521, 526; 215 NW 43 (1927), state the general rule that a municipality cannot be legally bound to perform an ultra vires act. In both cases, each Court held that the plaintiff was able to recover based on equitable principles (estoppel in *Parker* and quantum meruit in *Webb*). The controlling fact in both cases was that, although formalities had not been followed, performance was within the defendant's legal authority. *Webb*, 239 Mich at 526; *Parker*, 60 Mich App at 593. Here, defendant does not have the legal authority under the GPTA to pay the condominium assessments. "[A]n executory contract of a municipal corporation, made without authority, may not be enforced." *Webb*, 239 Mich at 526. The trial court thus properly granted summary disposition in defendant's favor.

---

[4] A delinquent tax revolving fund is described in MCL 211.87b. The fund is used to pay taxes owed to the county and to "any other political unit for which delinquent taxes are due."

Affirmed.  No costs, a public question being involved.

/s/ Donald S. Owens
/s/ Jane E. Markey
/s/ Deborah A. Servitto