# STATE OF MICHIGAN

# COURT OF APPEALS

KOFI JOHNSON,

Plaintiff-Appellant,

v

MOTOR CITY PROPERTY MANAGERS, LLC,
JSR FUNDING, LLC, OAKLAND COUNTY, and
OAKLAND COUNTY TREASURER,

Defendants-Appellees.

UNPUBLISHED
June 22, 2017

No. 331616
Oakland Circuit Court
LC No. 2015-149551-CZ

Before: STEPHENS, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Plaintiff, *in propria persona*, appeals as of right the trial court's order granting defendants' motion for summary disposition of his complaint to quiet title to foreclosed property. For the reasons stated herein, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

In 2006, plaintiff purchased the subject property located at 22030 Avon in Oak Park. The property was forfeited to the Oakland County Treasurer on March 1, 2011, and again on March 1, 2012, for nonpayment of the 2009 and 2010 property taxes. On March 29, 2012, plaintiff entered into a payment plan with the Oakland County Treasurer for payment of the 2009 taxes, but maintained only 22% compliance with the plan.

The subject property was forfeited to the Oakland County Treasurer again on March 2, 2013, for nonpayment of the 2011 property taxes. On March 6, 2013, plaintiff entered into a second payment plan with the Oakland County Treasurer to resolve his tax delinquency for the 2009 to 2011 tax years, but was only 50% compliant with the plan.

The subject property was forfeited to the Oakland County Treasurer for a fourth and final time on March 1, 2014, for nonpayment of the 2012 property taxes. Plaintiff entered into another payment plan with the Oakland County Treasurer to resolve the property tax delinquency, but maintained only 37% compliance with the plan.

On June 5, 2014, the Oakland County Treasurer filed a petition to foreclose the subject property. The trial court ultimately entered a judgment of foreclosure on February 18, 2015,

-1-

which stated that fee simple title to the property would vest to petitioner if plaintiff failed to pay all delinquent taxes within 21 days from entry of the judgment.

Plaintiff filed the complaint at issue to quiet title to the property on October 9, 2015, listing Motor City Property Managers, LLC, JSR Funding, LLC, Oakland County, and the Oakland County Treasurer as defendants. In Count I, plaintiff claimed violation of his right to due process of law, asserting that: (1) he sought to enter into payment plans with the Oakland County Treasurer in January 2015 and July 2015, but never received a response, (2) the Oakland County Treasurer deprived him of the principal residence exemption (PRE) when making its property tax assessment, (3) the show cause hearing was not held before a judicial trier of fact, so judgment of foreclosure was entered without a determination regarding the proper amount due, and (4) he never received notice of his right to appeal the trial court's judgment. In Count II, plaintiff claimed fraud, asserting that the trial court lacked jurisdiction to enter the foreclosure judgment because it failed to do so within the proper timeframe, and that the Oakland County Treasurer misrepresented both the amount of delinquent taxes owed, and that the show cause hearing would be held before a judicial arbitrator. Finally, in Count III, plaintiff's action to quiet title, plaintiff claimed ownership of the subject property because the judgments and deeds Motor City and JSR Funding relied on to assert an interest in the property were void and defective.

In response to plaintiff's complaint, Oakland County and the Oakland County Treasurer filed a motion for summary disposition on November 10, 2015, with which Motor City and JSR Funding concurred. First, defendants argued that plaintiff's complaint should be dismissed pursuant to MCR 2.116(C)(7), because it constituted an improper collateral attack on the February 18, 2015 judgment of foreclosure. Second, defendants asserted that plaintiff's due process and fraud claims should be dismissed pursuant to MCR 2.116(C)(10), because the Oakland County Treasurer provided sufficient notice of the show cause and judicial foreclosure hearings, a show cause hearing need not be held before a judicial trier of fact, plaintiff failed to cite any authority requiring that notice of the right to appeal be provided, payment plans are discretionary, plaintiff failed to plead his fraud claims with particularity, and local municipalities bear responsibility for determining delinquent tax amounts. Finally, defendants argued that plaintiff's action to quiet title should be dismissed pursuant to MCR 2.116(C)(8), for failure to state a claim.

Plaintiff filed his response to defendants' motion for summary disposition on January 13, 2015, asserting that the judgment of foreclosure is void and may, therefore, be collaterally attacked. In support of his claim, plaintiff argued that the foreclosure judgment was fraudulent because the Oakland County Treasurer failed to apply the PRE to the subject property's tax assessment, and that he was denied procedural due process because the Oakland County Treasurer failed to mail him the judgment of foreclosure pursuant to MCR 2.602(D)(1).[1]

---

[1] It is unclear whether the trial court considered plaintiff's response when deciding defendants' motion for summary disposition. Oakland County and the Oakland County Treasurer replied to plaintiff's response on January 19, 2016, requesting that the trial court strike the response as untimely. However, the trial court failed to address this request at the motion hearing.

At the hearing regarding defendants' motion for summary disposition, counsel for Oakland County and the Oakland County Treasurer argued consistent with defendants' brief, and added that the Oakland County Treasurer was not responsible for granting or denying PREs. Ultimately, the trial court adopted the facts as set forth in defendants' brief, and granted the motion for summary disposition. In so doing, it dismissed the complaint as an improper collateral attack on the judgment of foreclosure, but granted summary disposition for additional reasons, as well. The trial court dismissed plaintiff's due process claims pursuant to MCR 2.116(C)(10), reasoning that plaintiff failed to demonstrate a genuine issue of material fact because the Oakland County Treasurer provided notice of the show cause and foreclosure hearings, plaintiff presented no evidence that the foreclosure judgment was entered improperly, and payment plans are discretionary. The trial court dismissed plaintiff's fraud claims pursuant to MCR 2.116(C)(8) and (10), because plaintiff failed to plead the claims with the required specificity, and failed to present evidence that defendants made a false statement. Finally, the trial court dismissed plaintiff's action to quiet title pursuant to MCR 2.116(C)(10), reasoning that plaintiff failed to establish a prima facie case of superior title. On January 29, 2016,[2] the trial court entered an opinion and order consistent with the conclusions made on the record.

II. ANALYSIS

Plaintiff first argues that the trial court erred when it dismissed his complaint as an improper collateral attack on the judgment of foreclosure. Specifically, he asserts that dismissal was premature under MCL 600.5801(1) and (2). Further, he claims that void judgments may be attacked directly or collaterally, and that the judgment of foreclosure is void.

This Court reviews a trial court's decision to grant summary disposition de novo. *Sau-Tuk Indus, Inc v Allegan Co*, 316 Mich App 122, 135; 892 NW2d 33 (2016), citing *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).[3] "MCR 2.116(C)(7) permits summary disposition 'because of release, payment, prior judgment, [or] immunity granted by law.' " *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015), quoting MCR 2.116(C)(7) (alteration in original). " '[A]ll well-pleaded allegations must be accepted as true and construed in favor of the nonmoving party, unless contradicted by any affidavits, depositions, admissions, or other documentary evidence submitted by the parties.' " *Willett v Charter Twp of Waterford*, 271 Mich App 38, 45; 718 NW2d 386 (2006), quoting *Pierce v Lansing*, 265 Mich App 174, 177; 694 NW2d 65 (2005). "If the pleadings or documentary evidence reveal no genuine issues of material fact, the court must decide as a matter of law whether the claim is statutorily barred." *McLean v McElhaney*, 289 Mich App 592, 597; 798 NW2d 29 (2010). Further, unpreserved

---

[2] The order is dated January 28, 2016, but was entered in the register of actions on January 29, 2016.

[3] The trial court failed to state which ground for summary disposition it used to dismiss plaintiff's complaint as a collateral attack. However, because the trial court discussed the standard for granting summary disposition under MCR 2.116(C)(7) in its order, we assume that it dismissed plaintiff's complaint pursuant to that subsection.

-3-

claims are reviewed for plain error. See *Lima Twp v Bateson*, 302 Mich App 483, 503; 838 NW2d 898 (2013).

Property tax foreclosures are governed by the General Property Tax Act (GPTA), MCL 211.1 *et seq.* MCL 211.78k(7) provides that a party may appeal a judgment of foreclosure to this Court within 21 days of its entry. *In re Petition by Wayne Co Treasurer for Foreclosure*, 478 Mich 1, 7; 732 NW2d 458 (2007). "If a property owner does not redeem the property or appeal the judgment of foreclosure within 21 days, then MCL 211.78k(6) deprives the circuit court of jurisdiction to alter the judgment of foreclosure." *Id.* at 8.

Rather than appeal the judgment of foreclosure in accordance with MCL 211.78k(7), plaintiff sought to challenge the judgment through his complaint to quiet title. However, "[i]t is well established in Michigan that, assuming competent jurisdiction, a party cannot use a second proceeding to attack a tribunal's decision in a previous proceeding[.]" *Workers' Compensation Agency Dir v MacDonald's Indus Prod, Inc (On Reconsideration)*, 305 Mich App 460, 474; 853 NW2d 467 (2014). In other words, "[t]he final decree of a court of competent jurisdiction made and entered in a proceeding of which all parties in interest have due and legal notice and from which no appeal is taken cannot be set aside and held for naught by the decree of another court in a collateral proceeding commenced years subsequent to the date of such final decree." *Id.* (citations and quotation marks omitted).

Seeking to avoid the foregoing law, plaintiff argues that MCL 600.5801 renders premature the trial court's dismissal of his complaint to quiet title. " 'For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *Mouzon v Achievable Visions*, 308 Mich App 415, 419; 864 NW2d 606 (2014), quoting *People v Metamora Water Serv*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Plaintiff cited MCL 600.5801 in his response to defendants' motion for summary disposition, but provided no analysis. It is therefore not properly preserved. Regardless, the argument lacks merit. MCL 600.5801 states, in pertinent part:

> No person may bring or maintain any action for the recovery or possession of any lands or make any entry upon any lands unless, after the claim or right to make the entry first accrued to himself or to someone through whom he claims, he commences the action or makes the entry within the periods of time prescribed by this section.
>
> (1) When the defendant claims title to the land in question by or through some deed made upon the sale of the premises by an executor, administrator, guardian, or testamentary trustee; or by a sheriff or other proper ministerial officer under the order, judgment, process, or decree of a court or legal tribunal of competent jurisdiction within this state, or by a sheriff upon a mortgage foreclosure sale the period of limitation is 5 years.
>
> (2) When the defendant claims title under some deed made by an officer of this state or of the United States who is authorized to make deeds upon the sale of lands for taxes assessed and levied within this state the period of limitation is 10 years.

-4-

In his complaint, plaintiff did not claim title to the subject property through a mortgage foreclosure sale or a deed made by an officer of this state. Instead, he used the complaint to challenge the validity of the judgment of foreclosure. Thus, MCL 600.5801 is inapplicable, and does not excuse plaintiff's failure to appeal the judgment in accordance with MCL 211.78k(7).

Additionally, plaintiff's argument that the judgment of foreclosure is void and may, therefore, be collaterally attacked, lacks merit. He asserts, in part, that the judgment is void because the county assessor's office informed him of overpayment, municipal corporations may only contract through methods prescribed by law, the subject property was transferred in violation of the Home Rule City Act, MCL 117.1a *et seq.*, and the subject property was taken for a public purpose. Plaintiff failed to preserve many of these arguments by not asserting them below. See *Mouzon*, 308 Mich App at 419. Further, he abandons them for appellate review by failing to provide any factual or legal support. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *Movie Mania Metro, Inc v GZ DVD's Inc*, 306 Mich App 594, 605-606; 857 NW2d 677 (2014) (citations and quotation marks omitted).

Plaintiff further asserts that the foreclosure judgment is void because the tax assessment for the subject property failed to include applicable exemptions, he was denied equal access to payment plans, he did not live at the address where most of the delinquent tax notices were sent, "[t]he proof of service submitted to the Clerk of the court was defective in light of unperfected delivery of required notices," and he was unaware of his appellate rights because the Oakland County Treasurer failed to send a copy of the judgment pursuant to MCR 2.602(D)(1). He made these same assertions below as part of his due process and fraud claims.

It is true that if a party has been denied due process of law, a trial court may not be divested of jurisdiction to correct tax foreclosure errors after a judgment of foreclosure has been entered and the period for redemption has expired. *In re Wayne Co Treasurer*, 265 Mich App 285, 291-293; 698 NW2d 879 (2005). Thus, the portion of MCL 211.78k "purporting to limit the circuit court's jurisdiction to modify judgments of foreclosure is unconstitutional and unenforceable as applied to property owners who are denied due process." *Petition by Wayne Co Treasurer*, 478 Mich at 10-11. "[A]ny proceeding under the act conducted without due process is *invalid*." *Wayne Co Treasurer*, 265 Mich App at 293, citing MCL 211.78i(2).

However, for the reasons discussed more fully below, the trial court did not err when it granted summary disposition of plaintiff's due process and fraud claims pursuant to MCR 2.116(C)(8) and (10). Thus, the judgment of foreclosure is not void, and plaintiff's complaint to quiet title amounts to an improper collateral attack on the judgment of foreclosure.

The trial court granted summary disposition of plaintiff's due process claims pursuant to MCR 2.116(C)(10), concluding that plaintiff failed to present evidence that the show cause hearing violated the law, and failed to comply with the payment plans he entered into with the Oakland County Treasurer. Further, without directly addressing plaintiff's argument that he was denied due process because he never received a copy of the foreclosure judgment or notice of his appellate rights, the trial court determined that "[p]laintiff was given notice of the foreclosure and the show cause hearing, and the opportunity to present his objections."

-5-

"A motion for summary disposition under MCR 2.116(C)(10) is properly granted if no factual dispute exists, entitling the moving party to judgment as a matter of law." *Harbor Watch Condo Ass'n v Emmett Co Treasurer*, 308 Mich App 380, 384; 863 NW2d 745 (2014). "In deciding a motion under MCR 2.116(C)(10), the trial court must consider affidavits, pleadings, depositions, admissions, and any other evidence submitted by the parties in the light most favorable to the nonmoving party." *Sau-Tuk Indus, Inc*, 316 Mich App at 136. Further, we review constitutional issues de novo. *Petition by Wayne Co Treasurer*, 478 Mich at 6.

Plaintiff argues that the foreclosure judgment is void because the Oakland County Treasurer violated his due process and equal protection rights by failing to consider the payment plan requests he made in January 2015 and July 2015. MCL 211.78q, which became effective January 14, 2015, provides that "a foreclosing governmental unit may create a delinquent property tax installment payment plan for eligible property, the title to which is held by a financially distressed person." MCL 211.78q(1). According to the statutory language, the provision of such payment plans is discretionary, and plaintiff cites no law to the contrary. Further, the evidence attached to defendants' motion for summary disposition demonstrates that plaintiff entered into three separate payment plans with the Oakland County Treasurer prior to foreclosure, but failed each time to fully comply. Thus, defendants' failure to respond to plaintiff's payment plan request did not violate his due process rights, and the trial court properly granted summary disposition of this claim.

As part of both his argument that the judgment of foreclosure is void, and that the trial court erred when it granted summary disposition of his due process claims, plaintiff also asserts that "[t]he proof of service submitted to the Clerk of the court was defective in light of unperfected delivery of required notices,"[4] and that he was unaware of his right to appeal because the trial court, on behalf of the Oakland County Treasurer, never sent him a copy of the foreclosure judgment pursuant to MCR 2.602(D)(1). MCR 2.602 governs the entry of judgments and orders, and MCR 2.602(D)(1) provides: "The party securing the signing of the judgment or order shall serve a copy, within 7 days after it has been signed, on all other parties, and file proof of service with the court clerk." Plaintiff fails to establish that the Oakland County Treasurer secured the signing of the judgment of foreclosure. Thus, MCR 2.602(D)(1) is inapplicable. Further, the trial court entered the foreclosure judgment on February 18, 2015, in accordance with MCL 211.78k(5), which requires the trial court to enter a final judgment no later than the March 30 immediately succeeding the hearing.

Regardless, the Oakland County Treasurer's efforts to notify plaintiff of the foreclosure proceedings satisfied plaintiff's procedural due process rights, and plaintiff failed to provide any evidence to the contrary. The notices stated that a foreclosure judgment may be entered for the subject property, and explained plaintiff's redemption rights.

---

[4] Although plaintiff never made this specific argument below, the trial court granted summary disposition of plaintiff's due process claims based partly on its conclusion that plaintiff was properly notified of the show cause and foreclosure hearings.

"The United States Supreme Court recently held that due process requires the government to provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Petition by Wayne Co Treasurer*, 478 Mich at 9, citing *Jones v Flowers*, 547 US 220, 226; 126 S Ct 1708; 164 L Ed 2d 415 (2006) (citation and quotation marks omitted). However, a property owner need not receive actual notice before his property is taken. *Petition by Wayne Co Treasurer*, 478 Mich at 9.

Under the GPTA, the county treasurer must send notice of delinquent taxes by first-class mail, address correction requested. MCL 211.78b; MCL 211.78c. Among other requirements, the notice should include a statement that unless delinquent taxes are paid, a foreclosure judgment will be entered, and title to the property will vest in the foreclosing governmental unit, as well as a statement regarding redemption rights. MCL 211.78b(f) and (g); MCL 211.78c(g) and (h). Then, "not later than the February 1 immediately succeeding the date that unpaid taxes were returned to the county treasurer for forfeiture, foreclosure, and sale . . . or returned to the county treasurer as delinquent under section 78a, the county treasurer shall send a notice by certified mail, return receipt requested," to the property owner. MCL 211.78f(1). Finally, a property owner must be notified of pending show cause and foreclosure hearings. MCL 211.78i. Notice of the show cause and foreclosure hearings must be sent, not less than 30 days before the show cause hearing, by certified mail, return receipt requested, to the address reasonably calculated to apprise the owner of the hearings. MCL 211.78i(1) and (2). An agent of a foreclosing governmental unit must also make a personal visit to the forfeited property. MCL 211.78i(3). If the property appears occupied, but the agent is unable to personally meet with the occupant, the agent must "place the notice in a conspicuous manner on the property and shall also place in a conspicuous manner on the property a notice that explains, in plain English, that the property will be foreclosed unless forfeited unpaid delinquent taxes, interest, penalties, and fees are paid, the time within which forfeited unpaid delinquent taxes, interest, penalties, and fees must be paid, and the names, addresses, and telephone numbers of agencies or other resources that may be available to assist the occupant to avoid loss of the property." MCL 211.78i(3)(d). Further, if the foreclosing governmental unit cannot ascertain an owner's address, or is unable to notify the owner of the proceedings, notice shall be made by publication. MCL 211.78i(5).

The Oakland County Treasurer mailed notice of tax delinquency to the subject property, as well as to plaintiff's properties in Detroit and West Bloomfield. The notice stated that if plaintiff failed to pay the delinquent taxes, he could lose the subject property to tax foreclosure. The Oakland County Treasurer also sent plaintiff, by certified mail to the subject property, notice of property tax forfeiture. The notice explained that plaintiff could lose the subject property for failure to pay his delinquent taxes, and advised plaintiff of his redemption rights. Further, notice of the show cause and foreclosure hearings that contained the required information was sent, by certified mail, to each of the three properties, posted at each of the three properties, and published in the Oakland Press. From these notices, attached to defendants' motion for summary disposition, we conclude that the Oakland County Treasurer complied with the requirements of the GPTA, and provided notice sufficient to apprise plaintiff of the foreclosure action and the possibility that a foreclosure judgment would be entered. Plaintiff provided no evidence to the contrary. Thus, the trial court did not err when it dismissed plaintiff's due process claims pursuant to MCR 2.116(C)(10).

Plaintiff last argues that the judgment of foreclosure is void, and the trial court erred when it granted summary disposition of his fraud claims, because the Oakland County Treasurer petitioned for foreclosure without including the PRE and other applicable exemptions in the subject property's tax assessment. Initially, plaintiff included this exemption argument as part of both the due process and fraud claims in his complaint. However, in his response to defendants' motion for summary disposition, plaintiff discussed exemption as part of his fraud claim. Again, "[a] motion for summary disposition under MCR 2.116(C)(10) is properly granted if no factual dispute exists, entitling the moving party to judgment as a matter of law." *Harbor Watch Condo Ass'n*, 308 Mich App at 384. We review a trial court's decision on a motion for summary disposition under MCR 2.116(C)(8) de novo. *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 520; 866 NW2d 817 (2014). "MCR 2.116(C)(8) provides for summary disposition where '[t]he opposing party has failed to state a claim on which relief can be granted.' A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a complaint." *Gillie v Genesee Co Treasurer*, 277 Mich App 333, 344; 745 NW2d 137 (2007). To render a decision, a trial court may only consider the pleadings, and "[a]ll factual allegations in the pleadings must be accepted as true." *Id*.

MCL 211.10(1) provides that "[a]n assessment of all the property in the state liable to taxation shall be made annually in all townships, villages, and cities by the applicable assessing officer . . . ." To be eligible for a PRE under MCL 211.7cc, a property owner must claim the exemption by filing an appropriate affidavit. MCL 211.7cc(2). To be eligible for a PRE under MCL 211.7u, a property owner must file a claim annually on a form provided by the local assessing unit. MCL 211.7u(2)(b).

Plaintiff presented no evidence that he ever applied for, or received, a PRE or other exemption that should have been considered in the subject property's tax assessment. He also failed to present evidence that the Oakland County Treasurer was responsible for the subject property's tax assessment, or for administering exemptions.

In addition, plaintiff failed to plead fraud with particularity. *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 229-230; 859 NW2d 723 (2014). "To properly plead a fraud claim, the plaintiff must allege that (1) the defendant made a representation that was material, (2) the representation was false, (3) the defendant knew the representation was false, or the defendant's representation was made recklessly without any knowledge of the potential truth, (4) the defendant made the representation with the intention that the plaintiff would act on it, (5) the plaintiff actually acted in reliance, and (6) the plaintiff suffered an injury as a result." *Id*. at 230, citing *Titan Ins Co v Hyten*, 491 Mich 547, 555; 817 NW2d 562 (2012). In his complaint, plaintiff asserted generally that the Oakland County Treasurer and city of Oak Park[5] misrepresented the amount of taxes owed for the subject property, that the Oakland County Treasurer deprived him of this right to claim a PRE, and that the tax assessment excluded the exemptions to which he was entitled. However, he failed to allege that defendants knew the tax assessment was false, made the representation recklessly, or made the representation with the

---

[5] Plaintiff did not include the city of Oak Park as a defendant in this suit.

intention that he would act on it. As a result, the trial court did not err when it granted summary disposition of plaintiff's fraud claims pursuant to MCR 2.116(C)(8) and (10).

Affirmed. Having prevailed in full, defendants may tax costs. MCR 7.219(A).


/s/ Cynthia Diane Stephens
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray