*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF CHIPPEWA COUNTY
TREASURER FOR FORECLOSURE.

CHIPPEWA COUNTY TREASURER,

        Petitioner-Appellee,

v

DAVID CHAVERIAT,

        Claimant-Appellant.

FOR PUBLICATION
September 08, 2025
11:50 AM

No. 371576
Chippewa Circuit Court
LC No. 2022-016908-CH

Before: SWARTZLE, P.J., and GARRETT and YATES, JJ.

YATES, J.

This dispute about surplus proceeds resulting from tax-foreclosure sales of land presents a new wrinkle on a recurring problem. Claimant, David Chaveriat, appeals of right the trial court's order denying his request for surplus proceeds resulting from the tax-foreclosure sales of multiple parcels of real property that he previously owned. In total, petitioner, Chippewa County Treasurer, sold 20 properties that claimant had previously owned. Four sales yielded surplus proceeds, but the remaining 16 sales resulted in either no surplus proceeds or a net loss. When aggregated, those 20 sales resulted in a net loss. Nonetheless, claimant sought disbursement of the surplus proceeds from the four sales that yielded surpluses. The trial court denied claimant's request, finding that the disbursement of those surplus proceeds would unjustly enrich claimant at the expense of the public, contrary to MCL 211.78t(9). We disagree with the trial court's decision that claimant was not entitled to disbursement of the surplus proceeds from the four sales that resulted in surpluses, so we reverse the trial court's order and remand the case for further proceedings.

## I. FACTUAL BACKGROUND

In June 2022, petitioner initiated judicial foreclosure proceedings for many parcels of real property for unpaid taxes. Claimant owned 20 of the parcels. On February 27, 2023, the trial court

-1-

entered a judgment of foreclosure in favor of petitioner as to each parcel, including claimant's 20 parcels. Claimant did not redeem any of his properties by the deadline, and they were subsequently sold at auction in August 2023. The sale of four of claimant's parcels resulted in surplus proceeds, i.e., amounts above what was necessary to satisfy the outstanding tax debt and associated fees and costs. The sale of claimant's other 16 parcels simply covered the outstanding debt or resulted in a loss. Aggregating the results of the sale of claimant's 20 parcels yielded a net loss.

On May 6, 2024, claimant filed a motion under MCL 211.78t to recover surplus proceeds of $2,135.52 from the tax-foreclosure sales of the four parcels that sold for amounts above the tax debt. In response, petitioner argued that because it incurred a net loss of $3,871.68 for the sale of claimant's 20 parcels, paying claimant the surplus proceeds from the four profitable sales would unjustly enrich claimant at the expense of the public, contrary to MCL 211.78t(9). As petitioner explained, if claimant were given the surplus proceeds from the sales of the four parcels, petitioner would suffer a total loss of $6,007.20, causing the "public to bear the loss incurred on [c]laimant's other parcels which did not cover their outstanding tax debt."

At oral argument, claimant argued that the General Property Tax Act (GPTA), MCL 211.1 *et seq*., requires properties to be considered on a property-by-property basis, with no provision for "lumping them." Petitioner reiterated its position that, under MCL 211.78t(9), reimbursement for surplus proceeds is inappropriate if that reimbursement would produce an unjust enrichment at the public's expense, which would occur if the court ordered that claimant receive the surplus proceeds from the four sales that produced a profit.

The trial court agreed with petitioner, so it denied claimant's request for reimbursement of the surplus proceeds from the sales of the four parcels. The trial court memorialized its ruling in a written order stating that "disbursing the requested proceeds would unjustly enrich the [c]laimant at the expense of the public as prohibited by MCL 211.78t(9)." This appeal followed.

## II. LEGAL ANALYSIS

On appeal, claimant argues that he is entitled to the surplus proceeds that resulted from the sales of his four properties that yielded a net profit, even though the aggregate sales of all 20 of his properties resulted in a net loss. Our analysis is guided by the GPTA. Petitioner asserts, and the trial court agreed, that disbursement of those funds is barred by MCL 211.78t(9), which directs the trial court not to issue an order for the payment of remaining proceeds if it would "unjustly enrich a claimant at the expense of the public." In contrast, claimant insists that payment decisions must be made on a property-by-property basis, citing the language of MCL 211.78m(8), so it is improper to aggregate the results of sales when determining whether disbursement is appropriate.

When considering a trial court's ruling on a motion for surplus proceeds under the statutory scheme prescribed in the GPTA, we review all factual findings for clear error. *In re Muskegon Co Treasurer for Foreclosure*, 348 Mich App 678, 687; 20 NW3d 337 (2023). Every question of law, including the interpretation and application of constitutional provisions and statutes, is reviewed de novo. *Id*.

By enacting MCL 211.78t, our Legislature established the procedure for the administration of claims for surplus proceeds collected by a foreclosing governmental unit (FGU) in a foreclosure

sale. Pursuant to MCL 211.78t(1), a claimant "may submit a notice of intention to claim an interest in any applicable remaining proceeds from the transfer or sale of foreclosed property under [MCL 211.78m]," subject to certain conditions. The FGU is obligated to send the claimant information about the sale, see MCL 211.78t(3), and the claimant can move for the receipt of surplus proceeds from that sale. MCL 211.78t(4). The statute requires the FGU to provide "for each property for which a claimant provided notice" a response containing information related to the sale or transfer of the property and whether any surplus proceeds exist. MCL 211.78t(5).

After the FGU has filed its response, the statute directs the trial court to schedule a hearing for "each property" for which a claimant filed a motion. MCL 211.78t(9). Subsection (9) not only prescribes the rules for such a hearing, but also states that "[a]n order for the payment of remaining proceeds must not unjustly enrich a claimant at the expense of the public." *Id.* That language is the basis for petitioner's contention that claimant is not entitled to surplus proceeds from the sale of any of his properties because the aggregate result of the sales of his 20 properties was a net loss to the FGU, i.e., petitioner.

Although MCL 211.78t dictates the procedure applicable to claimants' recovery of surplus proceeds after tax-foreclosure sales, MCL 211.78m "prescribes the procedure a county treasurer must follow to dispose of foreclosed properties at public auction." *Harbor Watch Condo Ass'n v Emmet Co Treasurer*, 308 Mich App 380, 386; 863 NW2d 745 (2014). And MCL 211.78m(8)(a) through (f) establish "that the county treasurer may only use the proceeds for the limited purposes listed, in order of priority" prescribed by the statute. *Id.* Significantly, MCL 211.78m(8) provides for reimbursement of the FGU "for all taxes, interest, penalties, and fees on each property that was transferred or sold that year," MCL 211.78m(8)(a), and "fees incurred by the [FGU] in connection with the forfeiture, foreclosure, sale, maintenance, repair, and remediation of foreclosed property and the administration of this act," which "must be paid up to the amount for which the property was sold *on a property-by-property basis*." MCL 211.78m(8)(b) (emphasis added). After that, in the statutory order of priority, "[p]ayments to claimants of remaining proceeds for the year ordered under section 78t and any other payments ordered under section 78t must be paid *on a property-by-property basis*." MCL 211.78m(8)(c) (emphasis added).

As MCL 211.78m(8)(c) makes clear, if a payment of surplus proceeds is ordered pursuant to MCL 211.78t(9), the FGU must make the payment "on a property-by-property basis." Applying that requirement, we conclude that an FGU cannot aggregate the surplus proceeds from the sale of one property to offset a shortfall from the sale of another property that the claimant owned. Here, the trial court did just that when it found that awarding claimant the remaining proceeds from the four sales that yielded surpluses would unjustly enrich claimant at the expense of the public. Thus, the trial court erred when it aggregated the results of the sales of claimant's 20 properties to justify denying claimant the surplus proceeds from the sale of the four properties at a profit.

Petitioner insists that our reliance on MCL 211.78m(8) to rule in favor of claimant renders nugatory the directive in MCL 211.78t(9) that "[a]n order for the payment of remaining proceeds must not unjustly enrich a claimant at the expense of the public." But MCL 211.78t(9) itself lists examples of how such unjust enrichment could occur. For instance, MCL 211.78t(9) requires that an order for the payment of surplus proceeds "must provide for the payment of any unpaid amounts . . . owed by a claimant to satisfy a state, federal, or local tax collecting lien on the property . . . if the lien had priority over the claimant's interest in the property." And, in any event, to the extent

that the two provisions of the GPTA conflict, the more specific language of MCL 211.78m(8)(c) prevails over the general proscription of unjustly enriching claimants set forth in MCL 211.78t(9). See *Milne v Robinson*, 513 Mich 1, 12; 6 NW3d 40 (2024) (explaining that "when statutes conflict, the more specific provision governs over the more general one").

Because the trial court erred when it denied claimant's motion for disbursement of surplus proceeds resulting from the profitable tax-foreclosure sales of four of claimant's former properties, we reverse that order and remand for further proceedings consistent with this opinion.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett