# STATE OF MICHIGAN

# COURT OF APPEALS

---

WILLIE CLAY,

        Plaintiff-Appellant,

v

JOHN DOE and SUBURBAN MOBILITY
AUTHORITY FOR REGIONAL
TRANSPORTATION

        Defendants-Appellees.

FOR PUBLICATION
July 14, 2015
9:00 a.m.

No. 321008
Macomb Circuit Court
LC No. 2013-001082-NI

---

Before: SAAD, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Plaintiff appeals the trial court's order that granted summary disposition to defendants pursuant to MCR 2.116(C)(7). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

While boarding a SMART bus on April 18, 2011, plaintiff slipped and fell on the wet floor of the bus aisle. Thereafter, he filed a claim for no-fault benefits from SMART's insurance administrator, which received the claim on July 5, 2011, 78 days after plaintiff was injured. Almost two years later, on March 20, 2013, plaintiff filed a complaint against defendant SMART in the Macomb Circuit Court, and alleged that SMART and the unidentified bus driver committed the common-law tort of negligence. Specifically, plaintiff claimed that the bus driver accelerated too quickly as he drove the bus away from the stop, and caused plaintiff to slip and fall, and incur injuries.

SMART moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10), and argued, among other things, that plaintiff's claim was barred by: (1) MCL 124.419, which requires *tort* claimants against a transportation authority to provide the authority with "written notice of any claim based upon injury . . . no later than 60 days from the occurrence through which the injury is sustained"; and (2) *Atkins v SMART*, which held that a claimant, such as plaintiff, who files an application for no-fault benefits from a transit authority's insurance

-1-

administrator, does not comply with the 60-day notice requirement of MCL 124.419.[1]  After a hearing, the trial court issued a written opinion and order that granted SMART's motion for summary disposition pursuant to MCR 2.116(C)(7).  The court held that plaintiff failed to comply with MCL 124.419, because he did not "serve[]" SMART's insurance administrator with "written notice" of his claim "no later than 60 days from the occurrence" of his injury.

On appeal, plaintiff claims that the trial court erred when it granted summary disposition to defendants because: (1) he complied with MCL 124.419 when he mailed a claim for no-fault benefits to SMART's insurance administrator; and (2) *Atkins* postdated the events that led to this suit.  Defendants reiterate their arguments made below and ask us to uphold the ruling of the trial court.

## II.  STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Diamond v Witherspoon*, 265 Mich App 673, 680; 696 NW2d 770 (2005).  MCR 2.116(C)(7) permits summary disposition "because of release, payment, prior judgment, [or] immunity granted by law . . ."  MCR 2.116(C)(7).  "When it grants a motion under MCR 2.116(C)(7), a trial court should examine all documentary evidence submitted by the parties, accept all well-pleaded applications as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party."  *McLain v Lansing Fire Dept*, ___ Mich App ___; ___ NW2d ___, 2015 WL 918757.

We review matters of statutory interpretation de novo, and interpret a statute "to give effect to the intent of the Legislature by focusing on the statute's plain language."  *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125, 133–134; 860 NW2d 51 (2014).

## III.  ANALYSIS

### A.  RETROACTIVE APPLICATION OF *ATKINS*

"Generally, judicial decisions are given full retroactive effect, i.e., they are applied to all pending cases in which the same challenge has been raised and preserved."  *Paul v Wayne Co Dept of Pub Servs*, 271 Mich App 617, 620; 722 NW2d 922 (2006).  "A court may limit the retroactive effect of a judicial decision . . . if 'injustice might result from full retroactivity.' "  *People v Quinn*, 305 Mich App 484, 489; 853 NW2d 383 (2014), quoting *Pohutski v Allen Park*, 465 Mich 675, 696; 641 NW2d 219 (2002).  In making a decision whether to apply a decision retroactively, a court looks to: "(1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactivity on the administration of justice." *Quinn*, 305 Mich App at 489.  In a civil suit, the court also looks to "whether the decision [to be applied retroactively] clearly established a new principle of law." *Pohutski*, 465 Mich at 696.

---

[1] *Atkins v SMART*, 492 Mich 707, 716; 822 NW2d 522 (2012).

As noted, the Michigan Supreme Court recently held that an application for no-fault benefits from a transit authority's insurance administrator does not constitute sufficient "written notice of [a tort] claim" under MCL 124.419. *Atkins*, 492 Mich at 716.[2] Specifically, the Court explained that

> MCL 124.419 plainly requires "written notice" of any "ordinary claims" for personal injury within 60 days of the underlying occurrence, and the ordinary claims that may be brought pursuant to the statute are qualitatively different from a demand for no-fault benefits paid by a common carrier's insurer. [*Id.*]

As both plaintiff and defendants note, if *Atkins* is applied, retrospectively, to this case, plaintiff's claim must fail. Plaintiff did not submit a "written notice" of his " 'ordinary claims' for personal injury" to SMART "within 60 days" of his injury. *Id.* Instead, he sent a claim for no-fault benefits 78 days after his injury. Because "notice of a claim for first-party benefits is not the equivalent of notice of a third-party tort claim," plaintiff has failed to comply with MCL 124.419 and his suit must be dismissed. *Id.* at 718.

Though plaintiff asserts that *Atkins* should not apply to his suit, because the Michigan Supreme Court issued its decision after the events in issue, this assertion is not supported by Michigan law. Again, judicial decisions are generally "given full retroactive effect." *Paul*, 271 Mich App at 620. Contrary to plaintiff's arguments, under Michigan case law, there is no reason that *Atkins* should not be applied to his action. As SMART accurately observes, *Atkins* did not create a "new principle of law" or overrule binding case law[3]—it merely interpreted a statute, MCL 124.419. *Pohutski*, 465 Mich at 696. Plaintiff could not reasonably rely on an "old rule" that classified a request for no-fault benefits as compliance with MCL 124.419's notice provisions, because no such "old rule" existed. *Quinn*, 305 Mich App at 489. Accordingly, we must follow the general principle that gives "judicial decisions . . . full retroactive effect," and apply *Atkins*' holding to this case. *Paul*, 271 Mich App at 620. For this reason alone, plaintiff's suit must be dismissed pursuant to MCR 2.116(C)(7).

## B. MCL 124.419

---

[2] See also *Atkins*, 492 Mich at 718 ("notice of a claim for first-party benefits is not the equivalent of notice of a third-party tort claim").

[3] Plaintiff's citation to unpublished cases that classified a request for no-fault benefits as compliance with MCL 124.419 is unavailing for two reasons. First, unpublished cases are not binding authority, and thus cannot create a "rule" of law that can be relied upon. MCR 7.215(C)(1). Second, the unpublished cases to which plaintiff makes citation are not supportive of his position. In each of the decisions cited by plaintiff, SMART's insurance administrator received the plaintiffs' claims for no-fault benefits within 60 days of the plaintiffs' alleged injuries. In this case, SMART's insurance administrator *did not* receive plaintiff's claim for no-fault benefits within 60 days of plaintiff's alleged injuries—instead, it received plaintiff's claim for no-fault benefits 78 days after the occurrence of plaintiff's alleged injury.

Were we nonetheless to assume that *Atkins'* ruling does not apply to plaintiff's suit, his claim should also be dismissed because he failed to comply with the notice provisions of MCL 124.419 under his preferred, but incorrect, interpretation of the statute.

MCL 124.419 reads, in full:

> All claims that may arise in connection with the transportation authority shall be presented as ordinary claims against a common carrier of passengers for hire: Provided, that written notice of any claim based upon injury to persons or property *shall be served upon the authority no later than 60 days* from the occurrence through which such injury is sustained and the disposition thereof shall rest in the discretion of the authority and all claims that may be allowed and final judgment obtained shall be liquidated from funds of the authority: Provided, further, That only the courts situated in the counties in which the authority principally carries on its function are the proper counties in which to commence and try action against the authority. [Emphasis added.]

As the trial court correctly held, MCL 124.419 thus requires "written notice" of an "ordinary claim against a common carrier" to be "served upon the authority no later than 60 days from the occurrence through which such injury is sustained . . ." *Id.*; see also *Nuculovic v Hill*, 287 Mich App 58, 66; 783 NW2d 124 (2010).

Here, plaintiff failed to provide SMART's insurance administrator with "written notice" of his demand for no-fault benefits within 60 days of his fall—instead, SMART's insurance administrator received plaintiff's demand 78 days after the event. He accordingly did not "serve" "written notice" on defendants "no later than 60 days" after his injury, and thus did not comply with the mandates of MCL 124.419. *Nuculovic*, 287 Mich App at 66.[4] Accordingly, his claim fails and must be dismissed.

The trial court properly granted defendants summary disposition pursuant to MCR 2.116(C)(7).

---

[4] Plaintiff's argument that the "mailbox rule" should apply to MCL 124.419's notice provisions is unavailing, directly contravenes the plain language of the statute, and is unsupported by any relevant case law. "It is not sufficient for a party simply to announce a position . . . and then leave it up to this Court to discover and rationalize the basis of his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998). See also *Nuculovic*, 287 Mich App at 67 (emphasis in original) (using Black's Law Dictionary to define the term "service" as used in MCL 124.419: "[t]he *formal delivery* of a writ, summons, or other legal process").

Affirmed.

/s/ Henry William Saad
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro