*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DARREL DUSENDANG and CRYSTAL
DUSENDANG,

        Plaintiffs-Appellants,

v

CHRIS L. RUGG, doing business as RUGG WHITE
TAILS II, and L. ROBERT MCELMURRY,

        Defendants-Appellees.

UNPUBLISHED
March 18, 2021

No. 351201
Eaton Circuit Court
LC No. 2018-000833-CK

Before: O'BRIEN, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

Plaintiffs appeal as of right the trial court's order of dismissal without prejudice for their claim against defendant Chris L. Rugg, doing business as Rugg White Tails II. On appeal, plaintiffs challenge the trial court's earlier decision to grant summary disposition in favor of defendant L. Robert McElmurry after finding that there was no question of fact that McElmurry satisfied his guaranty obligation under a promissory note. We reverse.

## I. FACTS AND PROCEDURAL BACKGROUND

In the 2011 agreement underlying this case, plaintiffs agreed to sell 154 deer to Rugg, doing business as Rugg White Tails II, for $540,000. Rugg executed a promissory note in plaintiffs' favor for the price of the deer. Under the note, Rugg was obligated to repay plaintiffs the $540,000 pursuant to the following payment schedule: $75,000 was to be paid on or before December 1, 2012; an additional $125,000 was to be paid on or before December1, 2013; a third payment of $175,000 was to be paid on or before December 1, 2014; and the balance was due on or before December 1, 2015. McElmurry also signed the note, and in so doing agreed to personally guarantee $50,000 of Rugg's obligation under the note. The relevant provision reads: "The Guarantor, L. ROBERT McELMURRY, a married man is executing this Note to personally guarantee up to $50,000.00 of the obligations of [Rugg] hereunder after [plaintiffs] ha[ve] exhausted all collections abilities against [Rugg]."

On November 17, 2012, approximately two weeks before the first payment under the note was due, McElmurry wrote a check to plaintiffs for $75,000. The memo line reads: "1st payment on deer herd." The following year, Rugg failed to make the $125,000 payment due on or before December 1, 2013, and eventually defaulted under the note.

Plaintiffs thereafter filed a complaint against McElmurry, Rugg as an individual, and Rugg White Tails II. Plaintiffs alleged they fully performed their obligations under the note and that, as a result of Rugg's default under the note, he was obligated to pay the outstanding balance. Plaintiffs also alleged that because Rugg defaulted on the note, McElmurry was liable for at least $50,000 because of his personal guaranty.

In lieu of an answer, McElmurry moved for summary disposition under MCR 2.116(C)(7), asserting that he satisfied his obligation under the guaranty by paying $75,000 in November 2012. According to McElmurry, when Rugg failed to make his first payment to plaintiffs, McElmurry "stepped in and satisfied his guarant[y] by making the" $75,000 payment.

In response, plaintiffs asserted that McElmurry's $75,000 payment did not satisfy his obligation under the note because that obligation had not yet arisen. According to plaintiffs, "there was no failure to pay and no default prior to the $75,000 payment that could have triggered Mr. McElmurry's guarant[y] obligation." Plaintiffs did not know why McElmurry voluntarily made the first payment for Rugg under the note, but asserted that the "why" was immaterial because the payment was timely and was for the amount required.

At the ensuing hearing, the trial court granted McElmurry's motion. The trial court believed that this issue was "cut and dry," explaining that "McElmurry was responsible for $50,000, he's paid more than that." Accordingly, the court granted summary disposition to McElmurry because his "obligations have been met under the guarant[y]."

## II. GUARANTY

Plaintiffs argue the trial court erred when it granted summary disposition in McElmurry's favor. We agree.

Appellate courts review de novo a trial court's grant of summary disposition. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 506; 885 NW2d 861 (2016). MCR 2.116(C)(7) permits summary disposition because of payment. "When it grants a motion under MCR 2.116(C)(7), a trial court should examine all documentary evidence submitted by the parties, accept all well-pleaded allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015) (quotation marks and citation omitted). "If there is no factual dispute, the determination whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law." *Allen Park Retirees Ass'n, Inc v Allen Park*, 329 Mich App 430, 444; 942 NW2d 618 (2019).

At issue is McElmurry's guaranty, which states: "The Guarantor, L. ROBERT McELMURRY, a married man is executing this Note to personally guarantee up to $50,000.00 of the obligations of [Rugg] hereunder after [plaintiffs] ha[ve] exhausted all collections abilities against [Rugg]." A guaranty is "an independent, collateral agreement by which [the guarantor]

undertakes to pay the obligation if the primary payor fails to do so." *First Nat'l Bank & Trust Co v Dolph*, 287 Mich 219, 225; 283 NW 35 (1938) (quotation marks and citation omitted). A guaranty contract is "an enforceable undertaking or promise by one person collateral to a primary or principal obligation of another which binds the person making the promise to performance of the primary obligation in the event of nonperformance; the secondary party thus becomes primarily responsible for performance." *Angelo Iafrate Co v M&K Dev Co*, 80 Mich App 508, 514; 264 NW2d 45 (1978). As with any contract, courts interpreting a guaranty contract must "give the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument." *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). 29cyy0p0q

By the contract's plain terms, McElmurry agreed to "personally guarantee up to $50,000 of" Rugg's obligations under the $540,000 promissory note. McElmurry's obligation under this guaranty was not triggered until Rugg—"the primary payor"—failed to satisfy his obligations. *First Nat'l Bank*, 287 Mich at 225. On the record now before this Court, it appears that, when McElmurry paid plaintiffs $75,000 on November 17, 2012, Rugg had not failed to satisfy any obligations under the contract. Further, the plain language of the guaranty provided that McElmurry was not liable to plaintiffs until "after [plaintiffs] ha[ve] exhausted all collections abilities against [Rugg]." When McElmurry paid plaintiffs $75,000, plaintiffs had not exhausted any collection efforts—let alone "all collection abilities"—against Rugg. On these facts, it appears that, when McElmurry paid plaintiffs $75,000, his obligation under the guaranty had not yet arisen, so the $75,000 payment could not have satisfied the guaranty. Because there remains at least a question of fact whether McElmurry failed to satisfy his obligation under the guaranty agreement, the trial court's granting of McElmurry's motion for summary disposition was error.[1]

On appeal, McElmurry argues that summary disposition in his favor was nevertheless proper because his obligation under the guaranty had not yet arisen when plaintiffs filed suit, so plaintiffs still could not collect anything from McElmurry. McElmurry explains that his obligation under the guaranty only arises after plaintiffs have exhausted all collection efforts against Rugg, which, he alleges, they failed to do.[2] McElmurry is correct that, based on the plain language of the guaranty, his obligation does not arise until "after [plaintiffs] ha[ve] exhausted all collections abilities against [Rugg]." He may also be correct that, when the trial court granted summary disposition, this condition had not yet been satisfied—plaintiffs were in the process of suing Rugg.[3] But even if McElmurry is correct that his obligation under the guaranty had not yet arisen, he is

---

[1] This opinion only reverses the trial court's order granting summary disposition to McElmurry, and it should not be construed as holding that McElmurry failed to satisfy his obligations under the guaranty as a matter of law.

[2] McElmurry raised this issue before the trial court at the hearing on his motion.

[3] McElmurry points out that after the trial court granted his motion, plaintiffs' suit against Rugg was dismissed without prejudice due to lack of progress. We decline to consider this event, however, because it occurred after the relevant motion was decided, and "we must limit our review to the evidence presented to the trial court at the time [the summary disposition] motion was decided." *Pena v Ingham Co Rd Comm*, 255 Mich App 299, 313 n 4; 660 NW2d 351 (2003).

incorrect that this Court would be required to affirm the trial court's order. The trial court dismissed plaintiffs' claim against McElmurry "with prejudice." Assuming for the sake of argument that, as McElmurry argues, plaintiffs claim should have been dismissed because McElmurry's obligation had not yet arisen, the dismissal would have been without prejudice so as to permit plaintiffs to bring their claim against McElmurry if or when McElmurry's obligation arose under the guaranty.

Further, this issue was never developed in the trial court, so the record before us is limited. As such, this Court cannot determine with any amount of certainty the extent of plaintiffs' collection efforts against Rugg. Because we would not be affirming the trial court's full order and the record before us restricts a meaningful review of McElmurry's argument, we decline to rule on whether plaintiffs' have exhausted their "collection abilities" against Rugg thereby triggering McElmurry's obligation under the guaranty. This issue is best decided by the trial court in the first instance.[4]

## III. CONCLUSION

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher

---

[4] On appeal, plaintiffs also argue that they should have been afforded the opportunity to conduct discovery on their claim against McElmurry. In light of our holding, we need not address this issue. We nevertheless note that our holding does not necessarily entitle plaintiffs to discovery. If the trial court decides that McElmurry's obligation under the guaranty has not yet arisen and plaintiffs' claim is therefore premature, the trial court has discretion to decide how to handle discovery.