*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CYNTHIA HENK, as Conservator of the ESTATE
OF RONALD BOIK,

UNPUBLISHED
March 17, 2022

Plaintiff-Appellant,

v

No. 356633
St Clair Circuit Court
LC No. 20-002124-CZ

LABREE HOMES, LLC, and DANIEL GRIFFIN,

Defendants-Appellees.

Before: O'BRIEN, P.J., and SHAPIRO and BOONSTRA, JJ.

PER CURIAM.

In this property action involving the foreclosure and sale of a condominium unit, plaintiff, Cynthia Henk, conservator for the Estate of Ronald Boik,[1] appeals as of right the trial court's order granting summary disposition in favor of defendants, Labree Homes, LLC and Daniel Griffin, under MCR 2.116(C)(7) (prior judgment) and (C)(8) (failure to state a claim upon which relief can be granted). On appeal, plaintiff argues that the trial court erred by dismissing some of her claims, specifically her claims for fraudulent misrepresentation, silent fraud, and conversion. We agree that summary disposition on these claims was not warranted under MCR 2.116(C)(7) or (8), and therefore reverse and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

This case arises out of the foreclosure and ultimate sale of a condominium unit owned by Boik that was located in the Lost Whale Condominium Association in Marysville, Michigan (St. Clair County). Boik's permanent residence was located in Farmington Hills (Oakland County), but he maintained the condo as a second residence. According to plaintiff's complaint, Boik suffered from dementia and Alzheimer's disease. Henk discovered that Boik was living in a "state of squalor" and that he had several months of unopened mail in his home. She filed a petition in

---

[1] Henk is Boik's sister.

-1-

the Oakland Probate Court to be appointed conservator of Boik's estate. Her petition was granted in November 2019.

Earlier, however, Boik had stopped paying his condo association fees, and in November 2018, Lost Whale began sending written notices to Boik regarding the unpaid fees. Boik never responded to any of the notices, and, due to the unpaid fees, Lost Whale eventually executed a lien on the property and proceeded to foreclosure. Labree purchased the condo at a sheriff's sale on November 14, 2019, for $26,000. After purchasing the condo, Griffin sent a written request to inspect the property. He never received a response, however, leading Labree to file a complaint seeking to obtain possession of the condo on December 2, 2019, in the St. Clair District Court. Boik did not respond to the complaint, and the court entered a default judgment on December 16, 2019. The order of eviction was entered on December 30, 2019.

In February 2020, plaintiff filed a complaint against Labree and Griffin, Labree's owner and operator, in the Oakland Probate Court, alleging seven counts: quiet title, claim and delivery, common law or statutory conversion, constructive trust, fraudulent misrepresentation, silent fraud, and promissory estoppel. According to the complaint, Henk contacted Griffin on December 10, 2019, to inquire about redeeming the condo property. Griffin said that he would send the necessary paperwork, but he failed to do so. The complaint alleged that Henk contacted Griffin a second time on December 13, 2019, to discuss the condo again, and this time Griffin told her not to worry because she had until May 14, 2020, to redeem the property. However, after Henk obtained counsel to help manage Boik's assets, she was informed that Boik's interest in the property was extinguished on December 26, 2019, as a result of the eviction proceedings. The complaint asserted that Griffin knew that the representations he made to Henk in December 2019 about the redemption deadline were false and that he had a duty to inform her that he took steps to shorten the redemption period.

In response to the complaint, defendants, among other things, requested that the case be transferred to St. Clair County, where the disputed property was located. The Oakland Probate Court granted the request, and the case was transferred to the St. Clair Circuit Court. Shortly thereafter, defendants moved for summary disposition, arguing that the action was barred by the default judgment previously entered by the district court. In the alternative, defendants asserted that plaintiff failed to tender the amount due to redeem the property by May 14, 2020—the date for the longest possible redemption period. According to defendants, plaintiff could not sustain any claims to the property due to this failure, and her complaint should be dismissed.

At the hearing on defendants' motion, defendants elaborated on why they believed that *all* of plaintiff's claims—not just her claims seeking title to the property—should be dismissed on the basis of her failure to tender the amount necessary to redeem the property. Defendants asserted that all of plaintiff's claims were essentially the same, explaining that "it's one set of facts and putting different labels on it, doesn't change it." Thus, according to defendants, plaintiff had to "put the money up within" the redemption period for all of her claims to survive. Similarly, defendants asserted that all of plaintiff's claims were barred because they amounted to a single collateral attack on the district court's judgment in the eviction proceedings, a judgment that plaintiff knew about at a time when she could have challenged or appealed it, but she chose not to.

As relevant to this appeal, plaintiff responded that her failure to redeem the property may be relevant to "the action to quiet title," but was not relevant to "the other tort claims," such as fraud. Plaintiff also disagreed with defendants' position that the claims were "all subsumed," contending that her tort claims were "a separate basis" for liability and "would exist independent of the redemption, the statute, and the loss of property." In other words, according to plaintiff, even "if the property is completely lost," that "would not eliminate the liability" for plaintiff's tort claims. Plaintiff elaborated that this is because "the remedy [for the tort claims] would be different than the remedy available for quiet title. The remedy for quiet title would be restoration of the property. If that's lost, the other tort claims, the remedy would be damages." Later, plaintiff reiterated that "the election of damages" for plaintiff's tort claims "is entirely different" than the remedy for her other claims.

In response, defendants again argued that all of plaintiff's claims were "subsumed" because "their sole argument" underlying all of the claims was the same. Defendants asserted that plaintiff's failure to tender the redemption amount extinguished any rights she had to the property, and she could not "have another action for damages remaining" because she had no rights in the property.

After listening to the parties' arguments, the trial court rendered its ruling. The court first noted that plaintiff had until, at the latest, May 14, 2020, to tender the amount needed to redeem the property, but failed to do so. Plaintiff then interrupted and asserted that this fact "would be an argument for mitigation of damages," but "[n]ot an elimination of the fraud claim or" other tort claims. This drew the admonishment of the trial court, who directed plaintiff to not interrupt the court further while it rendered judgment. The court then continued, explaining that it was granting defendants' motion because plaintiff had plenty of time to tender payment of the funds to redeem the property because she filed her complaint in February 2020, but she failed to tender payment by the time that she believed that the redemption period expired, May 14, 2020. Similarly, the court observed that plaintiff could have sought an appeal of the default judgment in the district court but failed to do so. The court surmised that, rather than taking any action to remedy this situation by either tendering the redemption amount or contesting the district court's judgment directly, plaintiff chose to file the instant action. Accordingly, the court was "convinced that . . . it should grant the Motion for Summary Disposition" to defendants, and did so "[u]nder MCR 2.116(C)(7) and (8) based upon the failure to tender the amounts due for redemption." It then "dismiss[ed] all claims with, with prejudice." Plaintiff moved for reconsideration, which the court denied. This appeal followed.

## II. ANALYSIS

On appeal, plaintiff does not dispute the trial court's decision to dismiss her claims for quiet title, claim and delivery, constructive trust, and promissory estoppel on the basis of her failure to tender the redemption amount.[2] She only argues that her failure to tender the redemption amount

---

[2] Though plaintiff does not explicitly concede any argument related to these claims on appeal, her brief is void of any argument related to them. This failure to brief any issue related to these claims renders such issues abandoned. See *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("Failure to brief a question on appeal is tantamount to abandoning it.").

did not entitle defendants to summary disposition on her tort claims—fraudulent misrepresentation, silent fraud, and common law or statutory conversion. We agree.

"A trial court's decision on a motion for summary disposition is reviewed de novo." *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015). The trial court granted summary disposition under MCR 2.116(C)(7) and (C)(8). Summary disposition under MCR 2.116(C)(7) is appropriate when an action is barred by a prior judgment. *Id*. "When it grants a motion under MCR 2.116(C)(7), a trial court should examine all documentary evidence submitted by the parties, accept all well-pleaded allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *Id*. (quotation marks and citation omitted). In contrast, a motion brought under MCR 2.116(C)(8)

> tests the legal sufficiency of the complaint on the basis of the pleadings alone. The purpose of such a motion is to determine whether the plaintiff has stated a claim upon which relief can be granted. The motion should be granted if no factual development could possibly justify recovery. [*Beaudrie v Henderson*, 465 Mich 124, 129-130; 631 NW2d 308 (2001).]

After Labree purchased the condo property at the sheriff's sale, plaintiff could have redeemed the property by paying the requisite amount within the prescribed time limit. See MCL 600.3240. If the property is not redeemed within the requisite time, the "deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter . . . ." MCL 600.3236. Thus, "[i]f a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished." *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). See also *Piotrowski v State Land Office Bd*, 302 Mich 179, 187; 4 NW2d 514, 517 (1942) ("Plaintiffs did not avail themselves of their right of redemption in the foreclosure proceedings and at the expiration of such right on August 9, 1940, all plaintiffs' rights in and to the property were extinguished."). Once a mortgagor's rights in and to the property are extinguished, he or she lacks standing to bring a claim to acquire clean title to the property. See *Bryan*, 304 Mich App at 715 ("We hold that by failing to redeem the property within the applicable time, plaintiff lost standing to bring her claim."); *Bowie v Arder*, 441 Mich 23, 42; 490 NW2d 568 (1992) (explaining that, in order to have standing, a party must have "some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy") (quotation marks and citation omitted). In other words, a mortgagor's failure to tender the redemption amount effectively bars him or her from bringing a claim to acquire clean title to the property because the mortgagor no longer has any rights in or to the property.

It does not follow, however, that plaintiff's failure to redeem the property in this case barred her tort claims. Those tort claims were not dependent on plaintiff retaining rights in and to the property. Stated differently, that plaintiff has no rights in and to the property is irrelevant to whether she has standing to bring tort claims against defendants. Thus, to the extent that the trial court dismissed plaintiff's tort claims "based upon the failure to tender the amounts due for redemption," that decision was error.

It is unclear from the trial court's ruling if it agreed with defendants' arguments that plaintiff's tort claims were "subsumed" by her other equitable claims because they were all based on the same "set of facts" with "different labels on it." If so, the argument is unconvincing because more than one claim can arise from the same underlying facts. This in turn does not mean that a defense to one of the claims necessarily applies to all the other claims.

On appeal, defendants no longer contend that plaintiff's tort claims were "subsumed" by her other claims such that her failure to redeem the property barred her tort claims. Nor do defendants otherwise claim that a failure to redeem property bars related tort claims generally.

Instead, they first argue that that plaintiff's complaint asked only for equitable relief—not money damages—and therefore her contention that her legal claims should have survived summary disposition is disingenuous because she never asserted any legal claims. Defendants are correct to the extent they note that plaintiff's request for relief in her complaint did not explicitly request money damages. Yet defendants ignore that plaintiff's complaint specified what money damages she believed she was owed. For her fraudulent misrepresentation and silent fraud claims, plaintiff contended that her money damages were "a total loss of the equity value in the condominium unit less the redemption price." For her statutory and common-law conversion claim, plaintiff's complaint asserted that she was "wrongfully deprived of said property and is therefore entitled to treble damages under the conversion statute." Thus, plaintiff's complaint did specify that she was seeking damages. Moreover, defendants ignore that, at the hearing on their motion for summary disposition, plaintiff repeatedly clarified that she was seeking money damages on her tort claims. Further, while defendants' confusion about whether plaintiff was asserting a legal claim for her claims of fraud is perhaps understandable given that such claims can be equitable, see, e.g., *Rose v Natl Auction Group, Inc*, 466 Mich 453, 462; 646 NW2d 455 (2002), or legal, see, e.g., *Schaffer v Eighty-One Hundred Jefferson Ave E Corp*, 267 Mich 437, 448; 255 NW 324 (1934), the same cannot be said for plaintiff's claim for statutory and common-law conversion, which is clearly a legal claim. We therefore reject defendants' argument that plaintiff "did not state a cause of action for money damages."[3]

Defendants alternatively argue that the lower court's ruling should be affirmed because of alleged concessions made by plaintiff on appeal about when the redemption period expired. In her complaint, plaintiff alleged that the redemption period expired on December 26, 2019, as a result of defendants' eviction proceedings, but on appeal, plaintiff states that the redemption period expired on December 14, 2019, as a result of abandonment proceedings initiated by Lost Whale. See MCL 600.3241a (explaining the process for determining whether a property is abandoned);

---

[3] Regardless, to any extent that plaintiff's failure to clearly articulate that she was seeking money damages in her complaint rendered the complaint deficient such that summary disposition would have been appropriate under MCR 2.116(C)(8)—the relevant subrule under which defendants sought summary disposition—plaintiff would have been entitled to amend her complaint to clarify that she was indeed seeking money damages. See MCR 2.116(I)(5) (explaining that, for a motion brought under subrule (C)(8), the court must allow the nonmoving party to amend their pleadings if the amendment would be justified).

MCL 600.3240(10) (explaining the shortened redemption period for abandoned property). This is not a basis for affirming the lower court, however. Defendants' motion was granted under MCR 2.116(C)(7) as being barred by a prior judgment and (C)(8) for failure to state a claim. The only rule that could apply to defendants' current argument is MCR 2.116(C)(8), but the pertinent allegations relied upon by defendants are not part of plaintiff's complaint, and therefore are not properly considered as part of a (C)(8) analysis.[4]

Briefly, we acknowledge that the trial court stated that it was also granting summary disposition under MCR 2.116(C)(7), reasoning that plaintiff's claims were barred by a prior judgment. It is unclear whether the trial court meant for this ruling to apply to plaintiff's tort claims. Assuming the court did, it is not apparent that plaintiff's tort claims were actually litigated and decided in the district court proceedings such that collateral estoppel would apply. See *Monat v State Farm Ins Co*, 469 Mich 676, 682-684; 677 NW2d 843 (2004) (listing the elements for collateral estoppel).[5]

## III.  CONCLUSION

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Douglas B. Shapiro
/s/ Mark T. Boonstra

---

[4] We offer no opinion on the merits of defendants' argument. Defendants remain free to raise the argument before the trial court in a dispositive motion brought under the appropriate subrule.

[5] Plaintiff alternatively argues that the district court judgment should not bar her "legal claims" because that court lacked jurisdiction to issue its ruling. In light of our conclusion that plaintiff's legal claims were not barred by the prior judgment, we need not address this alternative argument.