*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAISAA KADA,

        Plaintiff-Appellee,

and

MAHIR KADA,

        Plaintiff,

v

CITY OF STERLING HEIGHTS,

        Defendant-Appellant,

and

STERLING HEIGHTS POLICE DEPARTMENT,
OFFICER JOHN DOE, OFFICER RICHARD
CLARK, JR., and ALLSTATE INSURANCE
COMPANY,

        Defendants.

UNPUBLISHED
December 21, 2023

No. 363968
Macomb Circuit Court
LC No. 2020-000308-NI

Before: LETICA, P.J., and O'BRIEN and CAMERON, JJ.

PER CURIAM.

In this interlocutory appeal, defendant-appellant, the City of Sterling Heights ("Sterling Heights") appeals as of right the order denying summary disposition under MCR 2.116(C)(7) (governmental immunity). We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises from an officer-involved automobile accident. The morning of the accident, Sterling Heights Police Officer Richard Clark, Jr. was traveling southbound on Dodge

-1-

Park Road near Stevenson High School when he was called to a nonemergency automobile accident. The traffic on Dodge Park Road was stop-and-go, so Officer Clark proceeded into the center turn lane. He did not activate his lights or siren. At the same time, plaintiff, Maisaa Kada, pulled out of the high school's driveway, attempting to turn left onto northbound Dodge Park Road. Officer Clark's vehicle struck the broad side of Maisaa's car, causing her car to overturn. Maisaa was taken by ambulance to the hospital where she was diagnosed with several injuries.

Maisaa brought claims of negligence, gross negligence, and recklessness against Sterling Heights. Sterling Heights moved for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(10) (no question of material fact). The trial court partially denied summary disposition, concluding there remained a genuine question of fact as to Officer Clark's negligence. Sterling Heights appealed this decision to this Court. We dismissed the appeal, concluding we lacked jurisdiction because the trial court never determined the issue of governmental immunity. *Kada v City of Sterling Heights*, unpublished order of the Court of Appeals, entered August 23, 2022 (Docket No. 361320). Thereafter, Sterling Heights again moved for summary disposition under MCR 2.116(C)(7) on the basis of governmental immunity. The trial court denied the motion. This appeal followed.

## II. GOVERNMENTAL IMMUNITY

Sterling Heights argues the trial court erred in denying summary disposition on the basis of governmental immunity. We disagree.

## A. STANDARD OF REVIEW

This Court reviews de novo a decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion brought under MCR 2.116(C)(7) is properly granted when the moving party is entitled to governmental immunity as a matter of law. *Margaris v Genesee Co*, 324 Mich App 111, 115; 919 NW2d 659 (2018). "Under MCR 2.116(C)(7), the trial court must accept as true the contents of the complaint, unless they are contradicted by documentary evidence submitted by the moving party." *Roby v Mount Clemens*, 274 Mich App 26, 28; 731 NW2d 494 (2006) (quotation marks and citation omitted). "Although courts should start with the pleadings when reviewing a motion brought under MCR 2.116(C)(7), courts must also consider any affidavits, depositions, admissions, or other documentary evidence that the parties submit to determine whether there is a genuine issue of material fact." *Dextrom v Wexford Co*, 287 Mich App 406, 431; 789 NW2d 211 (2010). The evidence must be viewed in the light most favorable to the nonmoving party. *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015).

This case also involves issues of statutory interpretation, which we review de novo. *Deutsche Bank Trust Co Americas v Spot Realty, Inc*, 269 Mich App 607, 612; 714 NW2d 409 (2005).

When interpreting a statute, our primary goal is to give effect to the intent of the Legislature. If the language of a statute is unambiguous, we presume the Legislature intended the meaning expressed in the statute. A statutory provision is ambiguous only if it conflicts irreconcilably with another provision or it is equally

susceptible to more than one meaning[.] When construing a statute, we must assign every word or phrase its plain and ordinary meaning unless the Legislature has provided specific definitions or has used technical terms that have acquired a peculiar and appropriate meaning in the law. [*Grand Rapids v Brookstone Capital, LLC*, 334 Mich App 452, 458; 965 NW2d 232 (2020), quoting *Sau-Tuk Indus, Inc v Allegan Co*, 316 Mich App 122, 136; 892 NW2d 33 (2016).]

## B. LAW AND ANALYSIS

Generally speaking, "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). There are several exceptions to a governmental agency's immunity from tort liability, including the motor-vehicle exception, which is at issue in this case. Under this exception, "[g]overnmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." MCL 691.1405. A finding of negligence requires establishment of the following elements: "(1) duty, (2) breach, (3) causation, and (4) damages." *Hannay v Dep't of Transp*, 497 Mich 45, 63; 860 NW2d 67 (2014) (quotation marks and citation omitted). At issue in this case are breach of the duty of care and causation.

The Michigan Vehicle Code, MCL 257.1 *et seq.*, defines the general duties of drivers. It states that a driver:

[O]perating a vehicle on a highway shall operate that vehicle at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway and of any other condition existing at the time. An individual shall not operate a vehicle upon a highway at a speed greater than that which will permit a stop within the assured, clear distance ahead. [MCL 257.627(1).]

Regarding causation, Sterling Heights argues Maisaa was the proximate cause of the accident. "Proximate cause is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces the injury, without which such injury would not have occurred . . . ." *Auto Owners Ins Co v Seils*, 310 Mich App 132, 157; 871 NW2d 530 (2015) (quotation marks and citation omitted). "Proof of proximate cause requires establishing two elements: (1) cause in fact and (2) legal cause or proximate cause." *Id*.

In the proceedings below, Sterling Heights offered evidence supporting its contention that Maisaa was negligent and caused the accident. Sterling Heights cited MCL 257.652(1) in support of this claim, which states: "The driver of a vehicle about to enter or cross a highway from an alley, private road, or driveway shall come to a full stop before entering the highway and shall yield right of way to vehicles approaching on the highway." Sterling Heights claimed that Officer

Clark was the "favored driver"[1] and therefore he held the right of way and could assume no subordinate driver would cross his path. Sterling Heights presented documentary evidence supporting its assertion that Maisaa was the subordinate driver and that she violated Officer Clark's right of way by driving her car across his path. According to Sterling Heights, this preliminary evidence showed that Maisaa violated her duty of care and that she was the proximate cause of the accident.

Maisaa responded with evidence that it was Officer Clark who was negligent because he was speeding and driving in the center lane at the time of the accident. She offered the deposition testimony from an expert in traffic accidents who testified Officer Clark's speed, coupled with his position in the center lane, made it impossible for Maisaa to anticipate the presence of Officer Clark's car when she turned on to Dodge Park Road. The evidence of Officer Clark's speed also contradicts Sterling Heights's position that Officer Clark held the right of way. Indeed, "[t]he driver of a vehicle traveling at an unlawful speed forfeits a right of way that the driver might otherwise have under this section." MCL 257.649(7).[2] Thus, Maisaa made a preliminary showing that she did not violate her duty of care simply by crossing Officer Clark's path. The deposition testimony also shows that Officer Clark could have caused the accident by speeding and driving in the center lane.

Again, when reviewing a motion for summary disposition, courts should view the evidence in a light most favorable to the non-moving party. *Clay*, 311 Mich App at 362. Viewing the evidence from this perspective, there were remaining questions of fact that should be resolved by a jury. The trial court, therefore, correctly denied the motion for summary disposition.

Affirmed.

/s/ Anica Letica
/s/ Colleen A. O'Brien
/s/ Thomas C. Cameron

---

[1] Favored drivers are "entitled to assume that subordinate drivers will yield him the right of way." *McGuire v Rabaut*, 354 Mich 230, 234; 92 NW2d 299 (1958).

[2] At oral argument, counsel for Sterling Heights argued that this statute was inapplicable to the present case because the accident did not occur at an intersection. MCL 257.22 defines the term "intersection." The record is unclear whether the area where the accident occurred was an "intersection" as it is defined in statute. Therefore, Sterling Heights's argument that MCL 257.649(7) does not apply to this case is unavailing.