*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TORIANO HUDSON,

        Plaintiff-Appellant,

v

DEPARTMENT OF CORRECTIONS,

        Defendant-Appellee.

FOR PUBLICATION
November 26, 2024
3:27 PM

No. 367902
Wayne Circuit Court
LC No. 22-007764-CD

Before: K. F. KELLY, P.J., and CAVANAGH and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant under MCR 2.116(C)(7) (governmental immunity). This case concerns the question of whether the rule announced in *Christie v Wayne State Univ*, 511 Mich 19; 993 NW2d 203 (2023)—i.e., for waiver of sovereign immunity by the state to apply, the plaintiff must file a written claim or notice of claim with the clerk of the Court of Claims—applies retroactively. Because we are bound by this Court's recent opinion in *Landin v Dep't of Health & Human Servs*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367356), we reverse the trial court's order and remand for further proceedings. However, as will be explained in more detail below, we disagree with *Landin*'s analysis, which appears in conflict with another recent opinion from the Court, *Flamont v Dep't of Corrections*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367863). Accordingly, we call for the convening of a special panel under MCR 7.215(J)(3) to consider the conflict between *Flamont* and that of *Landin* relative to the retroactivity of *Christie*.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff Toriano Hudson worked as a corrections officer for defendant Department of Corrections. After a traffic accident during which plaintiff was transporting prisoners as part of his job for defendant, an investigation was initiated that resulted in defendant issuing several work-related violations to plaintiff. In addition, one of the prisoners that plaintiff was transporting sued plaintiff and other corrections officers in federal court, after which plaintiff claimed the African American corrections officers were denied the same legal representation as the Caucasian officers. Plaintiff filed suit under the Elliot-Larsen Civil Rights Act, ("ELCRA"), MCL 37.2101 *et seq.*, alleging that defendant "intentionally discriminated against Plaintiff Hudson based on his race" by "treat[ing] Plaintiff differently from similarly situated Caucasian

employees in the terms and conditions of his employment," and that defendant retaliated against plaintiff "for filing complaints of racial harassment."

It is undisputed that plaintiff did not file a notice with the Court of Claims as required by MCL 600.6431(1), and filed his complaint directly in the circuit court. After the Michigan Supreme Court decided *Christie v Wayne State Univ*, 511 Mich 39; 993 NW2d 203 (2023), in which the Supreme Court concluded that strict compliance with the notice requirement under the Court of Claims Act, ("COCA"), MCL 600.6401 *et seq.*, was required, defendant moved for summary disposition under MCR 2.116(C)(7). The question before the trial court was whether the decision in *Christie* was to be given retroactive effect— which would be fatal to plaintiff's case—or whether the decision was to be applied prospectively only. The trial court agreed with defendant that the *Christie* decision applied retroactively and granted defendant's motion. This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Kincaid v Caldwell*, 300 Mich App 513, 522; 834 NW2d 122 (2013). A motion brought under MCR 2.116(C)(7) should be granted "because of release, payment, prior judgment, [or] immunity granted by law." MCR 2.116(C)(7). "When it grants a motion under MCR 2.116(C)(7), a trial court should examine all documentary evidence submitted by the parties, accept all well-pleaded allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015) (quotation marks and citation omitted).

This Court also reviews de novo matters of statutory interpretation. *Moore v Genesee Co*, 337 Mich App 723, 727; 976 NW2d 921 (2021).

> When interpreting a statute, our primary goal is to give effect to the intent of the Legislature. If the language of a statute is unambiguous, we presume the Legislature intended the meaning expressed in the statute. A statutory provision is ambiguous only if it conflicts irreconcilably with another provision or it is equally susceptible to more than one meaning . . . . When construing a statute, we must assign every word or phrase its plain and ordinary meaning unless the Legislature has provided specific definitions or has used technical terms that have acquired a peculiar and appropriate meaning in the law. [*Grand Rapids v Brookstone Capital, LLC*, 334 Mich App 452, 458; 965 NW2d 232 (2020) (quotation marks and citation omitted).]

## III. ANALYSIS

On appeal, plaintiff argues that the trial court erred when it granted defendant's motion for summary disposition because the decision in *Christie* should be applied prospectively only, as the rule announced in *Christie* amounted to a new rule of law. Under *Landin*, we are compelled to agree.

Under MCL 600.6431(1), "a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies." There is no dispute between the parties that plaintiff did not comply with this provision because plaintiff did not file a notice of his claim within one year after the claim accrued. Thus, the outcome of this case depends upon whether the rule in *Christie*, which

requires strict compliance with MCL 600.6431(1), applies retroactively to cases pending before *Christie* was decided.

In *Tyrrell v Univ of Mich*, 335 Mich App 254, 262; 996 NW2d 219 (2020), overruled by *Christie*, 511 Mich 39 (2023), this Court addressed the question of whether the defendants "were immune from suit because [the] plaintiff failed to comply with the requirements of MCL 600.6431." Considering the relevant statute, the Court stated that unlike the governmental tort liability act, the Persons with Disabilities Civil Rights Act ("PWDCRA"), MCL 37.1101 *et seq.*, "waived governmental immunity without establishing any conditions precedent to successfully expose a state defendant to liability." *Tyrrell*, 335 Mich App at 263. Thus, the Court concluded that because "the PWDCRA does not require compliance with MCL 600.6431 for a plaintiff to proceed with his or her claim against a state defendant, and MCL 600.6431 does not confer governmental immunity, [the] plaintiff's failure to comply with MCL 600.6431 when bringing her PWDCRA claim does not implicate governmental immunity." *Tyrrell*, 335 Mich App at 264 (quotation marks and citation omitted). Thus, this Court concluded that "regardless of whether a plaintiff needs to comply with the requirements of MCL 600.6431 to pursue a claim against any of the state's departments, commissions, boards, institutions, arms, or agencies when proceeding in the Court of Claims, a plaintiff does not need to comply with the requirements of MCL 600.6431 when proceeding against such defendants in circuit court." *Tyrrell*, 335 Mich App at 268.

The Michigan Supreme Court overruled this Court's holding in *Tyrrell* when it decided *Christie*. See *Christie*, 511 Mich at 52. Stating that MCL 600.6431(1)'s notice requirement "applies to all claims against the state, including those filed in the circuit court, except as otherwise exempted in MCL 600.6431 itself," the Supreme Court concluded that this Court erred when it interpreted the statute otherwise. *Christie*, 511 Mich at 52. This conclusion was required, according to the Supreme Court, because "under the unambiguous language of MCL 600.6431, any claim against the state, regardless of where it is filed, must comply with MCL 600.6431(1)'s notice requirements." *Christie*, 511 Mich at 57.

While this case was pending, this Court issued a published decision in *Flamont*, ___ Mich App at ___; slip op at 6, in which the Court held that the rule from *Christie* was to be given retroactive effect. The plaintiff in *Flamont* worked as a corrections officer for the defendant Department of Corrections. *Flamont*, ___ Mich App at ___; slip op at 1. The plaintiff alleged "she was repeatedly required to work excessive mandatory overtime hours without prior notice," and that "similarly situated male corrections officers were not required to work excessive mandatory overtime shifts." *Id*. at ___; slip op at 1. The plaintiff filed a complaint under the ELCRA asserting claims of sex discrimination, but did not file in the Court of Claims the notice required under MCL 600.6431(1). *Flamont*, ___ Mich App at ___; slip op at 2. After the Michigan Supreme Court decided *Christie*, the defendant moved for summary disposition under MCL 2.116(C)(7) on the ground that the plaintiff's failure to comply with MCL 600.6431(1) entitled the defendant to dismissal of the plaintiff's claims. *Flamont*, ___ Mich App at ___; slip op at 2. The trial court disagreed, concluding that the rule was not retroactive and denied the defendant's motion. *Id*. at ___; slip op at 2.

On appeal, we reversed. *Id*. at ___; slip op at 6. Concerning the question of whether the rule in *Christie* was a new rule of law, we stated that it was "evident from the Supreme Court's reasoning in *Christie* that the Court's decision was based on construing the plain and unambiguous language of MCL 600.6431 to reach a determination that was further supported by the operation of the COCA as a limited waiver of the state's sovereign immunity." *Flamont*, ___ Mich App at ___; slip op at 5-6. The Court noted:

Our Supreme Court has explained that it does not announce a new rule of law when it overrules a decision of the Court of Appeals that misinterpreted a statute contrary to the statute's plain language, legislative intent, and existing precedent because in that situation, the Supreme Court has reaffirmed the existing law that was misinterpreted by the Court of Appeals.

\* \* \*

In *Christie*, our Supreme Court clearly declared the meaning of the law as it existed, based on the unambiguous statutory language, and corrected a relatively short-lived misinterpretation of the law that had served to thwart the legislative intent and the mandated result. Therefore, because the holding in *Christie* did not constitute a new rule, it has full retroactive effect and therefore applies in the present case. [*Flamont*, ___ Mich App at ___; slip op at 6 (quotation marks and citations omitted).]

Concluding that the decision in *Christie* was to be given retroactive effect, the Court reversed the trial court's order denying the defendant's motion for summary disposition. *Flamont*, ___ Mich App at ___; slip op at 6.

After *Flamont* was issued, the Court decided *Landin*, which distinguishes *Flamont*'s application of the retroactivity analysis concerning *Christie*. In *Landin*, the plaintiff filed her complaint under the Elliot-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101 *et seq.*, after this Court issued its decision in *Tyrrell v Univ of Mich*, 335 Mich App 254; 966 NW2d 219 (2020).[1] The plaintiff did not comply with MCL 600.6431(1) because she did not file "in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against" the defendant. *Landin*, ___ Mich App at ___; slip op at 3 (quotation marks omitted). This was in contrast to the plaintiff in *Flamont*, in which the complaint was filed before this Court decided *Tyrrell*. See *Landin*, ___ Mich App at ___; slip op at 1 ("[T]he question whether [*Christie*] should be applied retroactively to those cases in which the plaintiff relied upon the then-binding precedent of *Tyrrell* did not arise in *Flamont*."). The Court, therefore, framed the issue as "whether *Christie* should be applied retroactively to post-*Tyrrell*/pre-*Christie* cases . . . ." *Landin*, ___ Mich App at ___; slip op at 1.

The Court in *Landin* first concluded that the holding in *Christie*, for cases filed post-*Tyrrell*, was a new rule of law because:

The precedent set by *Tyrrell* was clear and unambiguous, i.e., there is no need to comply with MCL 600.6431(1) in a circuit court action against the state, and the ruling in *Christie* was just as clear and unambiguous, i.e., compliance with MCL 600.6431(1) is required regardless of the judicial forum. The distinction between these two holdings was not vague, hazy, or indefinite; rather, *Christie* reflected a 180-degree change in the law, in

---

[1] Recall that in *Tyrrell*, 335 Mich App at 272, the Court held that "a plaintiff properly bringing a claim in circuit court against the state or a state defendant to which MCL 600.6431 applies is not required to comply with MCL 600.6431 for his or her claim to proceed in that court."

relation to the governing law defined in *Tyrrell*. [*Landin*, ___ Mich App at ___; slip op at 6.]

In a footnote, the Court elaborated further:

> Since *Christie* clarified the intent of the Legislature that passed MCL 600.6431 many years ago, it can be said to have determined that it was "always" the law that notice has to be provided in circuit court cases. However, we do not require nor permit parties to disregard binding authority even if it is incorrect–until and unless that authority is overruled. What constitutes the rule of law applicable to a party is, by definition, what the most recent binding precedent says it is. Simply put, parties must rely on the law as the binding precedent has defined it. What makes a rule "new" for purposes of retroactivity analysis does not concern the soundness of the rule enunciated in a decision on which the party relied; rather the test is whether the rule, even if misguided, was set forth in binding precedent. While legal theorists may debate whether an overruled decision was ever "the law" in some ultimate or platonic sense, the reality of litigation is that the applicable rule of law is defined by the binding precedent in effect at the relevant time. [*Landin*, ___ Mich App at ___; slip op at 6 n 6.]

Concluding, therefore, that post-*Tyrrell*, the rule in *Christie* was a "new rule of law," the Court analyzed the rule under the three-step analysis set forth in *League of Women Voters of Mich v Secretary of State*, 508 Mich 520; 975 NW2d 840 (2022).[2] Concerning the purpose of the new rule, the Court remarked that "the *Christie* Court did not specifically engage in an assessment of the purpose to be served by its ruling outside of simply determining the intent of the Legislature and giving effect to that intent." *Landin*, ___ Mich App at ___; slip op at 6. The Court continued:

> With respect to the extent of the reliance on the old rule, given that *Tyrrell* was a published opinion and represented binding precedent squarely regarding the necessary steps to take or not to take when suing the state or state entities in circuit court, see MCR 7.215(C)(2) and (J)(1), the extent of the reliance by plaintiff and other similarly-situated plaintiffs on the old rule was extremely significant.

> Finally, with respect to the effect of retroactivity on the administration of justice, we conclude that this factor strongly favors plaintiff considering that retroactive application of *Christie*'s construction of MCL 600.6431(1) would be patently unjust and inequitable. The administration of justice would not be served and would in fact be circumvented wholesale by punishing plaintiff with the wholesale loss of her cause of action—without consideration of its merits—when she did nothing more than abide by the law as set forth during the pertinent timeframe by this Court in its opinion in *Tyrrell*, a case directly and indisputably on point at the time. This would also be the case in regard to plaintiffs in other suits against the state who were in a similar posture and relied on *Tyrrell* to guide their actions. On the other hand, we see no injustice to the state where plaintiff was terminated

---

[2] The three factors to be considered by the Court are: "(1) the purpose to be served by the new rule, (2) the extent of the reliance on the old rule, and (3) the effect of retroactivity on the administration of justice." *League of Women Voters*, 508 Mich at 565-566 (quotation marks and citations omitted).

in November 2021 and the lawsuit was filed a mere six months later in May 2022; therefore, the DHHS received notice of plaintiff's claims in under a year. [*Landin*, ___ Mich App at ___; slip op at 6-7.]

The Court's decision in *Landin* is in conflict with *Flamont* and, consequently, this Court's decision in the present case is impacted by and, indeed, controlled by *Landin*. In this case, like the plaintiff in *Landin*, the complaint was filed on June 29, 2022, after *Tyrrell* but before *Christie* was decided. Under *Landin*'s formulation of the retroactivity analysis, the rule under which plaintiff was operating—i.e., the rule from *Tyrrell*—was a "new rule of law." See *Landin*, ___ Mich App at ___; slip op at 6. Thus, under *Landin*, all of the same considerations concerning the three-part test apply, and this Court is constrained to follow *Landin* and reverse the trial court's order granting defendant's motion for summary disposition. However, but for *Landin*, we would affirm the trial court's order granting defendant's motion for summary disposition, consistent with the holding in *Flamont* that the rule in *Christie* was not a "new rule of law" because the Supreme Court "does not announce a new rule of law when it overrules a decision of the Court of Appeals that misinterpreted a statute contrary to the statute's plain language, legislative intent, and existing precedent . . . ."[3] *Flamont*, ___ Mich App at ___; slip op at 6.

Reversed and remanded as required under *Landin*. We declare a conflict with *Landin* concerning the retroactivity of *Christie*. MCR 7.215(J)(2). The question being a matter of first impression, no costs are awarded to either party. See MCR 7.219(A). We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michael J. Riordan

---

[3] Plaintiff also argues, for the first time on appeal, that defendant's litigation conduct waived its claim of sovereign immunity. Plaintiff did not raise this issue before the trial court and, therefore, has failed to preserve the argument for appeal. See *Walters*, 481 Mich at 387. The arguments are, therefore, waived. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 5 (stating that the Court must employ the raise or waive rule and plain error review does not apply to civil cases).